

88, 708 - 01

RECEIVED IN
COURT OF CRIMINAL APPEALS

**BEST COPY AVAILABLE**

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### ORDER ADOPTING SUMMARY SHEET

### FOR POSTCONVICTION APPLICATIONS FOR

### WRIT OF HABEAS CORPUS

JUL 17 2018

Deana Williamson, Clerk

**ORDERED that:**

Pursuant to Texas Rule of Appellate Procedure 73, the Court of Criminal Appeals hereby orders that the attached form to be used when a postconviction application for writ of habeas corpus is transmitted to the Court of Criminal Appeals.

Dywane Howard   Application for writ of Habeas Corpus
Ex Parte _____   from __Archer_____ County
(Name of Applicant)   97th District ____ Court

### TRIAL COURT WRIT NO. _2016-0031A-CR-A_

### CLERK'S SUMMARY SHEET

**APPLICANT'S NAME:** __DYWANE HOWARD_____
(As reflected on the judgment)

**OFFENSE:** _____ PROHIBITED SUBSTANCE IN A CORRECTIONAL FACILITY____
(As described on the judgment)

**CAUSE NO:** _____ 2016-0031A-CR_____
(As reflected in the judgment)

**SENTENCE:** _____ 30 YEARS, TEXAS DEPT OF CRIMINAL JUSTICE, INST. DIVISION
(As described on the judgment)

**TRIAL DATE:** _____ DECEMBER 5, 2016_____
(Date upon which sentence was imposed)

**JUDGE'S NAME:** _____ JACK A. MCGAUGHEY_____
(Judge presiding at trial)

**APPEAL NO:** _____
(If applicable)

**CITATION TO OPINION:** ____ S.W.2d ____
(If applicable)

**HEARING HELD:** _X_ YES ____ NO
(Pertaining to the application for writ)

**FINDINGS AND CONCLUSIONS FILED:** _X_ YES ____ NO
(Pertaining to the application for writ)

**RECOMMENDATION:** ____ GRANT ____ DENY ____ NONE
(Trial court's recommendation regarding application)

**JUDGE'S NAME:** _____ JACK A. MCGAUGHEY_____
(Judge presiding over habeas proceeding)

(Effective September 1, 1997)

1. CAPTION-------------------------------------------------------------1

2. INDICTMENT—FILED 05/02/16----------------------------------2

3. STATE'S PRETRIAL NOTICE---FILED 11/09/16--------------3

4. DEFENDANT'S ELECTION AS TO PUNISHMENT
   FILED 11/15/16-------------------------------------------------------5

5. MOTION TO SUPPRESS---FILED 11/15/16--------------------7

6. MOTION IN LIMINE---FILED 11/15/16-----------------------10

7. GUILTY PLEA MEMORANDUM---SIGNED BY
   JUDGE 11/16/16---FILED 11/16/16-----------------------------14

8. REAPPEARANCE PLEA AGREEMENT---FILED
   11/16/16-------------------------------------------------------------23

9. CERTIFICATION OF DISCOVERY COMPLYING WITH
   TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE
   39.14(a), WITHDRAWAL OF ANY DISCOVERY REQUEST,
   AND WAIVER OF DISCOVERY RIGHTS---SIGNED BY
   JUDGE 12/05/16---FILED 12/05/16-----------------------------24

10. TRIAL COURT'S CERTIFICATION OF DEFENDANT'S
    RIGHT OF APPEAL---SIGNED BY JUDGE 12/05/16---
    FILED 12/05/16-----------------------------------------------------26

11. 2ND AMENDED NUNC PRO TUNC JUDGMENT---
    SIGNED BY JUDGE 01/24/17---FILED 02/06/17--------------27

12. LETTER FROM DYWANE HOWARD TO CLERK
    FILED 01/12/18-----------------------------------------------------32

13. APPLICATION FOR WRIT OF HABEAS CORPUS
    SEEKING RELIEF FROM FINAL FELONY
    CONVICTION UNDER CODE OF CRIMINAL
    PROCEDURE, ARTICLE 11.07---FILED 01/12/18------------33

14. STATE'S RESPONSE TO APPLICATION FOR WRIT
    OF HABEAS CORPUS---FILED 01/23/18---------------------62

15. ORDER APPOINTING ATTORNEY FOR PURPOSES OF
WRIT OF HABEAS CORPUS ONLY---SIGNED BY JUDGE
02/13/18---FILED 02/27/18----------------------------------------66

16. ORDER TO RESPOND TO CLAIM OF INEFFECTIVE
ASSISTANCE OF COUNSEL---SIGNED BY JUDGE
02/13/18---FILED 02/27/18----------------------------------------67

17. AFFIDAVIT OF MARK H. BARBER---
FILED 03/29/18----------------------------------------------------68

18. DEFENDANT'S CLOSING ARGUMENT AND REQUEST
FOR FINDINGS OF FACT AND CONCLUSIONS OF
LAW---FILED 06/15/18---------------------------------------------76

19. COURT REPORTER'S STATEMENT
FILED 07/05/18----------------------------------------------------81

20. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
POST CONVICTION APPLICATION FOR WRIT OF
HABEAS CORPUS---SIGNED BY JUDGE
07/06/18---FILED 07/06/18----------------------------------------83

21. PRE-SENTENCE INVESTIGATION WITH CRIMINAL
HISTORY ATTACHED--------------------------------------------90

22. CRIMINAL DOCKET SHEETS---------------------------------122

23. CLERK'S CERTIFICATION-------------------------------------124

The State of Texas   )
County of Archer    )

               In the 97th Judicial District Court of Archer County, Texas, the Honorable Jack A. McGaughey, Judge, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:

TRIAL COURT CAUSE NO. 2016-0031A-CR

| STATE OF TEXAS | IN THE 97TH DISTRICT COURT |
|---|---|
| VS | |
| DYWANE HOWARD | ARCHER COUNTY, TEXAS |

No. 2016-0031A-CR          Bond $25,000.00
DA# A-16-0034

Filed: 5-2-16
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS
5/2+6

**THE STATE OF TEXAS VS. DYWANE HOWARD**

**CHARGE: PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY—38.11(g)PC**

**–Third Degree Felony ( Habitual Offender)**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURORS, for the County of ARCHER, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the JANUARY, term, A.D. 2016 of the 97TH Judicial District Court for said County, upon their oaths present in and to said court at said term that DYWANE HOWARD, hereinafter styled Defendant, on or about the 28th day of January, A.D. 2016, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, while in the Archer County Jail, a correctional facility.

**FELONY ENHANCEMENT PARAGRAPHS:**
And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 31st day of March, 1994, in cause number 0541813W in the 372nd District Court of Tarrant County, Texas, the defendant was convicted of the felony offense of possession of a controlled substance.

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 0541803W was final, the defendant committed the felony offense of possession of a controlled substance and was convicted on the 9th day of May, 2007, in cause number 3235 in the 32nd District Court of Fisher County, Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Bruce Cable_

FOREMAN OF THE GRAND JURY

2

Filed: 11-9-16

LORI RUTLEDGE UR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-0030A-CR
NO. 2016-0031A-CR
NO. 2016-0032A-CR

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 97TH JUDICIAL DISTRICT** |
| | § | |
| **VS.** | § | **OF** |
| | § | |
| **DYWANE HOWARD** | § | **ARCHER COUNTY, TEXAS** |

### STATE'S PRETRIAL NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas by and through her District Attorney, Paige Williams, and would file the following in anticipation of trial in this cause:

I.   *Witness List (All reports and statements in possession of the State's Attorneys have been provided to the attorney for the Defendant).*

1.   Gina Loran, DPS THP
2.   Will Richter, DPS THP
3.   Onessimo Rangel, DPS CID
4.   Matt Kelley, DPS THP
5.   Ashley Zelinski, DPS lab, Abilene
6.   Dale Richey, Archer County Jail
7.   Nela Faye
8.   Staci Beesinger, Archer County Sheriff
9.   Chris Hamilton, Investigator, DA Office, 97th District

II.   *Expert Witness List*

1.   Ashley Zelinski, forensic scientist, DPS laboratory in Abilene, Texas,. Address and phone information on face of DPS lab report supplied to defense counsel.
2.   Staci Beesinger, Archer County Sheriff regarding comparison of inked fingerprints on prior court documents.
3.   Chris Hamilton, Investigator, 97th District Attorney's Office, regarding comparison of inked fingerprints on prior court documents.

III.   *Rule 404b and TCCP Article 37.07 disclosures and notice.*

That the Defendant has previously been convicted of the felony offense of Possession of a Controlled Substance in the 372nd Judicial District Court of Tarrant County, Texas, on March 31, 1994.

That the Defendant has previously been convicted of the felony offense of Possession

3

of a Controlled Substance in the 32nd Judicial District Court of Fisher County, Texas, on May 9, 2007.

That the Defendant is a member or has affiliation with a gang known as the "Crips".

That the Defendant has been convicted of the felony offense of Possession of a Controlled Substance in the 432rd Judicial District Court of Parker County, Texas on January 31, 2000.

That the Defendant was convicted of the misdemeanor offense of Possession of Marihuana in the County Court of Stephens County, Texas, on December 18, 2003

That the Defendant was convicted of the offense of Assault in the 90th Judicial District Court of Young County, Texas, on December 18, 2003.

That the Defendant was convicted of the offense of Assault in the 90th Judicial District Court of Young County, Texas, on May 10, 2007.

That the Defendant was convicted of the felony offense of Manufacture or Delivery of a Controlled Substance in the 90th Judicial District Court of Young County, Texas, on May 10, 2007.

Signed this the _____9_____ day of _____November_____, 2016.

Kevin L. Henry
Assistant District Attorney
State Bar No. 09484700
P.O. Box 55
Montague, TX 76251
Tel. (940) 894-6211
Fax (940) 894-6203


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was delivered to the Defendant's attorney of record on this the _____9_____ day of _____November_____, 2016.

Kevin L. Henry
Assistant District Attorney

Filed: 11-15-16
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-0031A-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 97th JUDICIAL DISTRICT |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |

## DEFENDANT'S ELECTION AS TO PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Dywane Howard, the Defendant in the above styled and numbered cause, and, prior to the commencement of voir dire, elects for the ~~jury~~ *Judge (MB)* to assess punishment in the event of conviction.

Respectfully submitted,

MARK BARBER
900 8th Street, Suite 106
Wichita Falls, TX 76301
Tel: (940) 761-3009
Fax: (940) 761-4060

By: _____
Mark H. Barber
State Bar No. 01708050
Mbarberlaw@aol.com
Attorney for Dywane Howard

## CERTIFICATE OF SERVICE

This is to certify that on November 15, 2016, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Archer County, Texas, by hand

5

delivery.

_____
Mark H. Barber

Filed: 11/15/2016
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-0030A-CR
NO. 2016-0031A-CR
NO. 2016-0032A-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 97th JUDICIAL DISTRICT |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |

## MOTION TO SUPPRESS

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Dywane Howard, Defendant, and files this Motion to Suppress and shows the following:

1.      Defendant has been charged with various drug offenses..

2.      The actions of the various law enforcement officials violated the constitutional and statutory rights of the Defendant under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure.

3.      Dywane Howard was arrested without lawful warrant, probable cause or other lawful authority in violation of the rights of Dywane Howard pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas.  Specifically, Defendant was the passenger in a motor vehicle which was stopped for speeding.  Shane Mark Holloway was the driver of the vehicle.  Upon search of the vehicle, marijuana was found in the driver's side rear passenger floorboard. The marijuana was not in proximity to the defendant.  Shane Mark Holloway told the DPS trooper it was his marijuana and that Defendant had nothing to do with it.  Nonetheless, Trooper

Loran arrested Defendant. An alleged search at the jail resulted in alleging finding 95 grams of methamphetamine in Defendant's underwear. There was no probable cause for the arrest of Dywane Howard and therefore the search of the jail is fruit of the poisonous tree.

4.     Any statements obtained from Dywane Howard were obtained in violation of Article 38.22 of the Texas Code of Criminal Procedure and in violation of the rights of Dywane Howard pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas.

5.     Any tangible evidence seized in connection with this case was seized without warrant, probable cause or other lawful authority in violation of the rights of Dywane Howard pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas.

6.     Therefore, Defendant requests that the following matters be suppressed at trial of this cause:

    a.     Any and all tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of Dywane Howard in this case or in connection with the investigation of this case, and any testimony by the Various law enforcement officials or any other law enforcement officers or others concerning such evidence.

    b.     The arrest of Dywane Howard at the time and place in question and any and all evidence which relates to the arrest, and any testimony by the Various law enforcement officials or any other law enforcement officers or others concerning any action of Dywane Howard while in detention or under arrest in connection with this case.

    c.     All written and oral statements made by Dywane Howard to any law

8

enforcement officers or others in connection with this case, and any testimony by the Various law enforcement officials or any other law enforcement officers or others concerning any such statements.

      d.    Any other matters that the Court finds should be suppressed upon hearing of this motion.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court suppress such matters at trial of this cause, and for such other and further relief in connection therewith that is proper.

                        Respectfully submitted,

                        MARK BARBER
                        900 8TH Street, Suite 116
                        Wichita Falls, TX 76301
                        Tel: (940) 761-3009
                        Fax: (940) 761-4060

By:_____

                        Mark H. Barber
                        State Bar No. 01708050
                        Mbarberlaw@aol.com
                        Attorney for Dywane Howard

## CERTIFICATE OF SERVICE

This is to certify that on November 14, 2016, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Archer County, Texas, by hand delivery.

Mark H. Barber

Filed: 11/15/2016
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-00314-cR

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **97th JUDICIAL DISTRICT** |
| | § | |
| **DYWANE HOWARD** | § | **ARCHER COUNTY, TEXAS** |

## MOTION IN LIMINE

Dywane Howard, Defendant, files this Motion in Limine and shows the following:

### A. PRIOR CONVICTIONS

1.      Defendant requests that the Court enter an order instructing the State, its agents, its employees and its witnesses not to mention, allude to or refer to, in any manner, any prior convictions or alleged violations of the law by the Defendant in this cause in the presence of the jury.

2.      Prior to specific mention of prior convictions or alleged violations of the law, a hearing should be immediately held outside the presence of the jury for determination whether:

     a.      the conviction involves either a felony or a misdemeanor involving moral turpitude;

     b.      the conviction occurred more than 10 years and go and it probative value does not substantially outweigh its prejudicial effect under 609(b) of the Texas Rules of Evidence;

     c.      Dywane Howard now on trial is the same person previously convicted;

     d.      the prior conviction is a "final conviction" and there is no direct appeal pending in the State or Federal Appellate Court;

     e.      the prior conviction has been set aside by a State or Federal Court upon collateral attack;

     f.      probation or community supervision has been satisfactorily completed for the crime for which the defendant was convicted, and there has been no subsequent conviction of defendant for a crime classified as a felony or involving moral turpitude;

10

g.      the prior conviction was obtained at a time when Dywane Howard was indigent and without counsel and there was not an effective waiver of counsel; or

h.      the prejudicial effect of impeachment outweighs the probative relevance of the prior conviction with regard to the question of the credibility of the witness.

Dywane Howard requests that the Court grant this motion and order the State's Prosecutor not to mention or allude to convictions or alleged violations of the law by Dywane Howard in any manner in the presence of the jury until a hearing has been held outside the presence of the jury and prior to the Court's determination of relevancy as specified in this motion.

GRANTED:_____      DENIED:_____

## B. EXTRANEOUS OFFENSES

1.      Defendant further requests that the Court enter an order instructing the State, its agents, its employees and its witnesses not to mention, allude to or refer to, in any manner, any extraneous offenses by Dywane Howard in this cause in the presence of the jury.

2.      Prior to specific mention of extraneous offenses, a hearing should be immediately held outside the presence of the jury for determination of:

a       the purpose for which the extraneous offense or alleged misconduct is offered;

b.      in what manner the extraneous offense or bad conduct is relevant in establishing the point for which it is offered;

c.      whether it can be shown beyond a reasonable doubt by evidence that Dywane Howard committed the alleged conduct;

d.      whether the conduct in question is too remote;

e.      whether the conduct is offered to prove a disputed issue or clarify an ambiguous act of Dywane Howard;

f.      whether the probative value of the evidence is outweighed by danger of

11

one or more of the following: unfair prejudice, confusion of the issue, misleading the jury, undue delay, or needlessly presenting cumulative evidence;

      g.    whether the point for which the conduct is offered can be established in some other fashion without the emotional prejudice inherent in the admission of other offenses.

      **GRANTED:**_____      **DENIED:**_____

### ALLEGED CONTROLLED SUBSTANCE

A.  Law enforcement in their reports contend that 97 grams of methamphetamine were seized. Only 27.5 grams were tested by the DPS lab. Defendant requests that the State not refer to or allude to the other alleged controlled substances because they were not tested.

      **GRANTED:**_____      **DENIED:**_____

      WHEREFORE, PREMISES CONSIDERED, Dywane Howard requests that the Court grant this motion and order the State's Prosecutor not to mention or allude the above-referenced matters in any manner in the presence of the jury until a hearing has been held outside the presence of the jury and prior to the Court's determination of relevancy as specified in this motion.

                        Respectfully submitted,

                        MARK BARBER
                        1101 Scott Avenue, Suite 15
                        Wichita Falls, TX 76301
                        Tel: (940) 761-3009
                        Fax: (940) 761-4060

By:_____
          Mark H. Barber
          State Bar No. 01708050
          Mbarberlaw@aol.com
          Attorney for Dywane Howard

## **CERTIFICATE OF SERVICE**

This is to certify that on November 15, 2016, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Archer County, Texas, by hand delivery.

Mark H. Barber

Filed: 11-16-16
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

No.2016-0031A-CR

*State of Texas vs.*
*DYWANE HOWARD*
*District Attorney: Paige Williams*
*Assistant District Attorney: Kevin Henry*

*97th District Court, ARCHER County,*
*Texas*
*Date of Trial: November 16, 2016*

*Defense Attorney: Mark Barber*

## GUILTY PLEA MEMORANDUM

On this day this cause is called for trial. The Defendant appears personally represented by the attorney above noted; the State is represented by its District Attorney, Paige Williams. In open Court, the Defendant receives admonishments from the Court, and thereafter waives a jury trial, waives all rights secured by law pursuant to Article 1.14, Texas Code of Criminal Procedure, and waives other rights, waives 10 days preparation for trial with approval of counsel, agrees to the stipulation of evidence, waives the reading of the charging instrument (whether indictment or information) and the service of a copy of the charging instrument on Defendant; acknowledges that Defendant understands the charging instrument and the Defendant enters a plea of GUILTY to the felony offense of **PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY.**

### COURT'S ADMONISHMENT OF DEFENDANT ON GUILTY PLEA:

Before Defendant's plea is accepted, You, the Defendant, are admonished by the Court, in writing, as follows:

1.  You are charged with the felony offense of PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY.

2.  You are entitled to have a jury determine whether you are Guilty or Not Guilty, and if Guilty, you are entitled to have that same jury assess your punishment. Should you have more than one case pending, you may have them tried separately by different juries.

3.  You are entitled to request that the indictment be read aloud in open court and explained to you in open court.

4.  You do not have to testify; you are not obligated to give evidence against yourself; you may require the State to prove the elements of the offense alleged against you in the indictment by legal and competent evidence beyond a reasonable doubt.

5.  You and your attorney have the right to confront and cross-examine witnesses and you have the power to subpoena to bring witnesses into court to testify in your behalf and to present other evidence in your defense.

6.  A plea bargain or recommendation of punishment is not binding on the Court, and the Court may accept or reject the plea bargain agreement. The Court may set punishment anywhere within the range provided by law for this offense. If there is a plea bargain agreement, the Court will inform you in open court whether the agreement will be followed before making any finding on your plea. Should the Court reject the plea bargain

14

agreement, you will be permitted to withdraw your plea of guilty should you wish to do so. If you withdraw your plea of guilty and enter a plea of not guilty, any documents you have signed for this plea hearing or any statements you have made at the plea hearing will not be used against you at the trial of this case.

7.     When the Court follows a plea bargain agreement, or when the punishment assessed does not exceed the plea bargain agreement, permission of the Court must be given before you can prosecute an appeal on any matter in the case, except for matters raised by written motion filed prior to trial.  This Court seldom consents to an appeal where conviction is based upon a Guilty Plea or a Nolo Contendere Plea.

Where there is no plea bargain agreement, any appeal of your conviction upon a plea of nolo contendere or plea of guilty is limited to jurisdictional issues only.

8.     DEFERRED ADJUDICATION:  Should the Court defer adjudicating your guilt and place you on community supervision (formerly called probation) under the terms and conditions contained in the Order Deferring Adjudication, upon violation of any imposed term or condition, the District Attorney may file a Motion to Revoke, you may be arrested by a community supervision officer, police officer or any other officer with the power of arrest with or without a warrant upon the order of the Judge  and detained as provided by the law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge.  No appeal may be taken from this determination except due-process violations in the hearing itself.  Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range of punishment provided by law for this offense.

After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of community supervision and your right of appeal continue as if adjudication of guilt had not been deferred.

9.     PROBATION/COMMUNITY SUPERVISION: If the Court grants you community supervision (formerly called probation) after finding you guilty of the offense charged and assessing your punishment, upon violation of any imposed term or condition, you may be arrested and detained as provided by law.  You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to revoke your community supervision and sentence you to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a period of time not to exceed that originally assessed by the Court at the time you were found guilty.

10.     If no indictment has been returned by a Grand Jury charging you with this offense, you do not have to stand trial until such an indictment has been returned, and you then will be given time (at least 10 days) to consult with your attorney before trial.

11.     If a victim impact statement has been returned to the District Attorney under Art. 26.13, Code of Criminal Procedure, the Judge has reviewed a copy of that report.

12.     RANGE OF PUNISHMENT:     The punishment for the offense with which you stand charged in this cause is indicated by the appropriate paragraph checked

below and you are hereby admonished that the range of punishment attached to said offense is as stated following the title of the degree of felony or other offense checked below.

( ) **First Degree Felony:** The punishment for an individual adjudged guilty of a first degree felony shall be by imprisonment in the Texas Department of Criminal Justice, Institutional Division for life, or for any term of not more than 99 years nor less than 5 years. In addition to imprisonment, such individual may be punished by a fine not to exceed $10,000.

( ) **Second Degree Felony:** The punishment for an individual adjudged guilty of a second degree felony shall be by imprisonment in the Texas Department of Criminal Justice, Institutional Division for any term of not more than 20 years nor less than 2 years. In addition to imprisonment, such individual may be punished by a fine not to exceed $10,000.

( ) **Third Degree Felony:** The punishment for an individual adjudged guilty of a third degree felony shall be by imprisonment in the Texas Department of Criminal Justice, Institutional Division for any term of not more than 10 years nor less than 2 years. In addition to imprisonment, such individual may be punished by a fine not to exceed $10,000.

( ) **State Jail Felony:** The punishment for an individual adjudged guilty of a state jail felony shall be by confinement in a state jail for any term of not more than 2 years or less than 180 days. In addition to confinement, an individual may be punished by a fine not to exceed $10,000.

(X)    **Other:** See Exhibit A attached hereto.

13.    **Deportation/Removal Consequences of this Plea:** Defendant recognizes that pleading guilty may have consequences with respect to HIS immigration states if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. (Indeed, because Defendant is pleading guilty to conspiracy to distribute methamphetamine, removal is presumptively mandatory.) Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction(s) on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his/her plea(s) of guilty may entail, even if the consequences is his automatic removal from the United States.

14.    If you are convicted of this offense, that conviction might be used to enhance or to increase the punishment range of any future felony you might be charged with which would alleged to have occurred after the date your conviction becomes final.

15.    If you are convicted of or placed on deferred adjudication for any offense listed in Chapter 62.01(5) of the Texas Code of Criminal Procedure, you will be required to meet the registration requirements of the Sex Offender Registration Program as set forth in Chapter 62 of the Code of Criminal Procedure.

*Guilty Plea Memorandum*                                    *State's Exhibit 1 - Page 3*

16.     If you are convicted of or placed on deferred adjudication for any offense which requires registration under the Chapter 62, the Sex Offender Registration Program, the Court is required to issue an order requiring the Texas Department of Public Safety to include in your driver's license record or personal identification certificate record an indication that you are subject to the registration requirements of Chapter 62; and you will be required to apply to the Texas Department of Public Safety in person for an original or renewal driver's license or personal identification certificate not later than the 30th day after the date you are released or the date the department sends written notice to you of the requirements of Article 62.065, and you are required to annually renew the license or certificate.

_____
JUDGE PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## WRITTEN WAIVERS OF DEFENDANT - JOINED BY ATTORNEY

I, the Defendant, joined by my attorney, state under oath the following:

**WAIVER OF JURY:** Comes now the Defendant in person and in open Court, joined by Defendant's attorney and counsel for the State, and after receiving the admonitions contained in this memorandum, freely, voluntarily and knowingly waives the **Defendant's right to trial by jury** in accordance with Article 1.13, 1.14, and 1.15, Texas Code of Criminal Procedure. This waiver is made with the consent and approval of the Court. The Defendant further agrees that should the Defendant be tried on more than one case, that all cases may be heard and determined at one time.

**WAIVER OF RIGHTS:** In accordance with Article 1.14, Texas Code of Criminal Procedure, and after receiving the admonishments contained herein, the Defendant now in writing and in open Court, waives any and all rights secured the Defendant by law, whether of substance or of procedure, and states that any error which may have been committed is harmless.

**WAIVER OF 10 DAYS PREPARATION AND APPROVAL OF COUNSEL:** The Defendant in writing and in open Court, and after receiving the admonishments contained herein and joined by Defendant's counsel, waives the 10 days preparation period provided in Article 1.051(e), Texas Code of Criminal Procedure. The Defendant in addition confirms that said Defendant is totally satisfied with the representation given by the defense attorney and that said counsel was completely competent in every aspect of representation.

**COURT REPORTER'S RECORD:** *Defendant and Defendant's attorney understand that Defendant has the right to have the official Court Reporter make a record of this hearing.*

 **DEFENDANT AND DEFENDANT'S ATTORNEY REQUEST A RECORD OF THIS HEARING TO BE MADE BY THE OFFICIAL COURT REPORTER.**

☐ **DEFENDANT AND DEFENDANT'S ATTORNEY WAIVE DEFENDANT'S RIGHT TO HAVE THE OFFICIAL COURT REPORTER MAKE A RECORD OF THIS HEARING PURSUANT TO RULE 13, TEXAS RULES OF APPELLATE PROCEDURE.**

**APPLICATION FOR COMMUNITY SUPERVISION:** In the event that the punishment assessed does not exceed 10 years in the Texas Department of Criminal Justice, Institutional Division, or if

*Guilty Plea Memorandum*                                              *State's Exhibit 1 - Page 4*

deferred adjudication is recommended, I certify under oath of my eligibility for community supervision as provided by law and move that community supervision be granted. (If not applicable, so indicate.)

**NOTICE OF INTENT TO FORFEIT OR DESTROY EVIDENCE:** On this day, November 16, 2016, the undersigned State Attorney, at the conclusion of the proceedings in the above-captioned and numbered cause on the foregoing date hereby certifies that written notice has been given to (1) defendant, (2) defendant's counsel of record, and (3) the convicting court, by hand delivery of a copy of this Notice of Intent to Forfeit or Destroy Evidence to the foregoing individuals and court, of the intent of the State of Texas to forfeit or destroy any and all evidence, which may be in the possession of the attorney representing the State of Texas or law enforcement agency or a clerk or any other person possessing said evidence in the above-captioned and numbered cause, at any time the expiration of ninety-one days from the foregoing date. The defendant hereby agrees that any evidence obtained in the above-referenced cause should be forfeited or destroyed pursuant to the plea bargain agreement as evidenced by the signatures below. The defendant further agrees that the law enforcement agency assigned to this case exercises sole discretion on whether to forfeit or destroy this evidence.

**STIPULATION OF EVIDENCE - AND WAIVER OF CONFRONTATION:** In accordance with Article 1.15, Texas Code of Criminal Procedure., I now consent in writing, in open Court, to waive the appearance, confrontation and cross-examination of witnesses, and further consent either to an oral stipulation of the evidence and testimony or to the introduction of testimony of affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the Court, including my sworn judicial confession contained herein.

**PLEA BARGAIN:** I, the Defendant, and my counsel acknowledge that we have read and examined a copy of the proposed Judgment and Sentence, Community supervision Judgment or the Order Deferring Adjudication, as the case may be, prepared by the District Attorney for this case; that we fully understand the same and that the terms thereof relative to the term of sentence, fine, length of probationary period and conditions of community supervision, as the case may be, are as we understood that the State would recommend to the Court and we agree to all of the same as the plea bargain in this case. As part of the plea bargain, I withdraw and waive all Motions filed prior to trial. As a part of the Plea Bargain Agreement, I voluntarily withdraw and waive all of my right to appeal and my right to file a Motion for New Trial and In Arrest of Judgment. We acknowledge that this is the entire plea bargain in this case except such additional terms of the plea bargain, if any, which are as follows:

_____

**PRESENT COMPETENCY:** I and my attorney state that I, the Defendant, am presently competent to stand trial and have a sufficient present ability to consult with my lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against me.

**WAIVER OF INDICTMENT:** If the State is proceeding to trial in this cause by complaint and information as the charging instrument, I, the Defendant in this cause, pursuant to Art. 1.141, Texas Code of Criminal Procedure hereby voluntarily waive the right to be accused by Indictment in the cause and agree that the State may proceed by Information.

I have been informed of my right to be accused by Indictment but I hereby knowingly, intelligently and voluntarily agree to waive such right. I also waive service of a copy of the Information and the two day period between service and arraignment, if applicable. I have been fully informed of the charges against me.

**SEX OFFENDER REGISTRATION PROGRAM:** The undersigned attorney and the undersigned defendant advise the Court that the defendant's attorney has advised the defendant regarding the

defendant's registration requirements under Chapter 62 of the Code of Criminal Procedure, the Sex Offender Registration Program, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.

**WAIVER OF PRESENTENCE INVESTIGATION REPORT:** I, the defendant, advise the Court that I have been advised by my attorney of my statutory right to have a presentence investigation report prepared by the community supervision officer and I hereby knowingly, intelligently and voluntarily waive the preparation and filing of a presentence investigation report in this case.

**VOLUNTARINESS OF PLEA:** I herein state that my plea of guilty is freely and voluntarily made, that my plea of guilty is not made as a result of any threats, that my plea of guilty is not made out of fear, that my plea of guilty is not made because of any delusive hope of pardon or parole or because of any promises made by anyone, and that my plea of guilty is made only because I am guilty and for no other reason. I further state that I am not pleading guilty because of any representations made to me by my attorney or anyone else as to when I might be released on parole or discharged from confinement.

I further confirm I am able to read the English language and fully understand each of the written plea admonishments by the Court, and that if I have any questions, I may ask the Court to explain them, that I completely understand all of the other written waivers, stipulations, admonitions, this Guilty Plea Memorandum, motions filed in connection with my plea, and additionally, are aware of the consequences of my plea of guilty, and that each is done freely, voluntarily and that I am is guilty as charged.

Defendant's counsel confirms counsel has explained fully the foregoing memorandum to the Defendant and that Defendant understands all admonitions herein and the consequences of this plea.

**SWORN JUDICIAL CONFESSION:** Under oath, in writing and in open Court, I, the undersigned Defendant, swear that I have read the charging instrument against me in this case and understand everything it contains; that I have discussed it with my attorney and my attorney has fully explained the charges against me contained in the charging instrument; that I committed each and every element alleged therein, except those acts waived by the State; and that I am guilty of all offenses charged therein and all lesser included offenses, or if the plea bargain is to a lesser included offense as reflected in the Judgment and Sentence, Community supervision Judgment or Order Deferring Adjudication, that I committed each and every element alleged in the charging instrument essential to the lesser offense, and that I am guilty of such offense and all lesser included offenses; that any enhancement and habitual allegations set forth in the charging instrument are true and correct except those waived by the State.

I understand that my judicial confession when taken with my plea of guilty is sufficient evidence for the Court to find me guilty without receiving any additional evidence.

_____     _____
DEFENDANT                            COUNSEL FOR DEFENDANT

**********************************************************

**STATE'S NOTICE OF PLEA BARGAIN:** Prior to accepting the Defendant's plea of guilty or nolo contendere herein the Court certifies that it has inquired as to whether the attorney representing the State of Texas has given notice of the existence and terms of any plea bargain agreement to the victim, guardian of the victim, or close relative of the deceased victim, as those terms are defined by Article 56.01, Texas Code of Criminal Procedure (applies to cases charged as sexual assault, kidnapping, aggravated robbery, human trafficking, injury to a child/elderly/disabled individual, or to cases in which a person suffered personal injury or death) and been advised that such notices was, in fact, given.

*Guilty Plea Memorandum*                                    *State's Exhibit 1 - Page 6*

The Court then accepted the Defendant's plea, heard the evidence and found the Defendant guilty, reviewed the Presentence Investigation Report, and assessed punishment and imposed sentence or community supervision as reflected in the judgment, or if there was an order deferring adjudication, found that the evidence substantiates the Defendant's guilt.

**JOINDER AND CERTIFICATION:** At the conclusion of the proceeding reflected in this Guilty Plea Memorandum:

The Defendant and Defendant's counsel certify that everything in this Guilty Plea Memorandum (including the written admonishments) and the Judgment and Sentence, Judgment of Community supervision or Order Deferring Adjudication is correct and accurate;

The State, by its District Attorney, agrees to the waiving of a jury trial and confrontation of the witnesses and the Court consents to and approves, in writing, the waiver of a jury trial, the stipulation of evidence and the judicial confession and offers them in evidence as State's Exhibit I; and

The Court certifies that the Defendant was duly admonished, in writing, including those admonishments as provided in Article 26.13 of the Texas Code of Criminal Procedure, (or if the Defendant was unable to or refused to sign the admonitions, made such admonitions orally) and certifies that Defendant is aware of the consequences of this plea. The Court approves the waiver of jury trial, and approves the other waivers contained herein, advises the Defendant the Court will approve the plea bargain agreement, finds the Defendant competent to stand trial, accepts the plea of the Defendant, admits the evidence offered without objection, and makes its findings respecting Defendant's guilt, sentence, community supervision or adjudication as above indicated and certifies that all admonishments have been made and waivers approved in open court, in writing, with Defendant and Defendant's counsel present, and the State's attorney present.

_____  _____
DEFENDANT                    JUDGE PRESIDING

_____  _____
COUNSEL FOR DEFENDANT        STATE ATTORNEY

**INDIGENCY - ATTORNEY FOR APPEAL:** The Defendant is admonished by the Court that if the Defendant is indigent and unable to afford to hire an attorney for an appeal, that upon request, an attorney would be appointed to represent the Defendant for any appeal and that a transcript of the proceedings would be furnished to the Defendant at no cost to the Defendant.

**WAIVER OF TIME TO FILE MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT AND WAIVER OF APPEAL:** Comes now the Defendant after trial, imposition of punishment and sentence, community supervision or deferment of adjudication, as the case may be, and after admonishment as to the appointment of an attorney for appeal if the Defendant is indigent, and the furnishing of a transcript for appeal of indigent, in writing, and in open Court and waives the time provided in Rule 31, Texas Rules of Appellate Procedure (T.R.A.P.), for filing of a Motion for New Trial, and further waives the time provided in Rule 34, T.R.A.P., for the filing of a Motion in Arrest of Judgment; and the Defendant, in writing and in open Court and joined by Defendant's counsel and after the close of all proceedings herein and states that the Defendant understands the right to appeal as provided in Section Four of the Rules of Appellate Procedure and that if Defendant is indigent and desires to appeal, counsel will be appointed at no cost to Defendant. **The Defendant now understanding all rights in this connection, freely, voluntarily and intelligently waives and abandons his right of**

*Guilty Plea Memorandum*                                    *State's Exhibit I - Page 7*

**appeal in this case.** The Defendant understands and has been admonished that if the Defendant has been placed on community supervision under an Order Deferring Adjudication, that the Defendant may, by written motion filed within 30 days under Art. 42.12, §5(a), request the Court to proceed with an Adjudication of Guilt and pronouncement of Sentence.

_____          _____
DEFENDANT                                 COUNSEL FOR DEFENDANT

2159 Ave L  Wichita Falls _____ Sex: ___M___
Defendant's Permanent Residence Address  Tx 76308

10/19/73
Defendant's Date of Birth

**JURAT:** All of the foregoing paragraphs (including, but not limited to, the waiver of jury trial and confrontation of witnesses, stipulation of evidence, judicial confession, certification of admonishments and waiver of appeal) in this Guilty Plea Memorandum which are signed by the Defendant have been sworn to and subscribed before me, in open Court, by the Defendant, on the date of trial first set out above, to certify which witness my hand and seal of office.

_____
DISTRICT CLERK/DEPUTY

*Guilty Plea Memorandum*                  *State's Exhibit 1 - Page 8*

21

Exhibit "A"

( )    The punishment for an individual adjudged guilty of Prohibited Substance/Item in Correctional Facility and found to be a habitual offender under Texas Penal Code Section 12.42(d), shall be by imprisonment in the Texas Department of Criminal Justice, Institutional Division for life, or for any term of not more than 99 years nor less than 25 years.

Filed: 11-16-16
LORI RUTLEDGE  LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-0031A-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 97TH DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| DYWANE HOWARD | * | ARCHER COUNTY, TEXAS |

## REAPPEARANCE PLEA AGREEMENT

The State, the Defendant and the defendant's Attorney agree and stipulate as follows:

1.   The Defendant will enter a plea of guilty to the offense charged in the indictment in this case and after a finding of guilt will request the Court to delay assessment of punishment until the reappearance date and time of ____12|5____ , 20 16 at ____9:00____ A .m.;

2.   If the Defendant reappears at ____9:00 A .m., 12|5____ , 20 16 and has not, **to the State's attorney's good faith belief,** committed any criminal offenses on or after the date of this agreement until the reappearance date and time, the State will recommend punishment of

   ____30 years____ ☑ imprisonment in the Institutional Division
   (years/days/months)        ☐ confinement in the State Jail Division

3.   If the Defendant either:

   A.   does not reappear at ____9:00 A .m., 12|5____ , 20 16
        **or**
   B.   has, **to the State's attorney's good faith belief,** committed one or more criminal offenses from the date of this agreement until the reappearance date and time;

   then, **if either of those events occur,**
   ☐   the State will make no recommendation as to punishment, and the court may set punishment for any term within the entire range of punishment for the offense;
        **or**
   ☑   the State will recommend punishment of

   ____life____ ☑ imprisonment in the Institutional Division
   (years/days/months)        ☐ confinement in the State Jail Division

Signed November 16, 2016.

X_____     _____
Defendant                         State's Attorney

_____
Defendant's Attorney

State Exhibit #2

23

Filed: 12-5-16
_ORI RUTLEDGE
DISTRICT CLERK  LR  ⸴
ARCHER COUNTY, TEXAS

**No. 2016-0031A-CR**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 97th JUDICIAL DISTRICT |
| v. | § | COURT OF |
| DYWANE HOWARD, Defendant | § | ARCHER COUNTY, TEXAS |

## CERTIFICATION OF DISCOVERY COMPLYING WITH TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 39.14(a), WITHDRAWAL OF ANY DISCOVERY REQUEST, AND WAIVER OF DISCOVERY RIGHTS

COMES NOW DYWANE HOWARD and files this Certification of Discovery Complying with Texas Code of Criminal Procedure Article 39.14(a), Withdrawal of any Discovery Request, and Waiver of Discovery Rights. Defendant submits to the Court the following:

### 1. Certification of Compliance with 39.14(a)

My attorney has fully and completely explained to me my right to request discovery under Article 39.14(a), and I fully understand that right and have no questions or concerns about my discovery rights. I certify to the Court that my attorney received an electronic copy of the paper file in this case from the State which included the offense reports and officer narratives. My attorney also received notice from the State that other items of physical evidence were available for inspection and review at the District Attorney's Office. I certify that every item of physical evidence (including statements, documents, videos, etc.), that my attorney and I are aware of through our review of the electronic copy of the paper file, has been available for inspection at the District Attorney's Office. I certify that every material item of evidence connected to this case, that my attorney and I are aware of, has been made available for inspection and review at the District Attorney's Office. After consulting with my attorney, I am satisfied that the State has complied with my Article 39.14(a) discovery request to produce and permit inspection of all the items that my attorney and I have designated.

### 2. Withdrawal of Any Discovery Request and Waiver of Discovery Rights

I desire to withdraw my Article 39.14 discovery request, which includes receiving access to offense reports, written and oral statements, recordings, and any evidence that the State or its agents may possess in order to prosecute me in this cause. TEX. CODE CRIM. PROC. Art. 39.14(a). I understand that, by withdrawing any discovery requests, I am intentionally, knowingly, and voluntarily waiving my rights to additional discovery under Article 39.14.

I am fully aware that there may be additional items that I would be entitled to receive if I chose to invoke the terms of Article 39.14(a), but I knowingly and intelligently withdraw my request and waive my right to this speculative, potential discovery. I declare that I am knowingly and intelligently withdrawing my request and waiving these rights because I know that I am guilty of the charged offense. Because I am guilty, I believe that any future discovery would be inconsequential to the defense of my case. I wish to dispose of the charges against me without further delay and desire to plead guilty to the offense I have committed because I am guilty and for no other reason.

I am also fully satisfied with the advice and information provided to me by my attorney. We have thoroughly discussed my case, the elements of the offense, and this acknowledgment-and-waiver-of-discovery-rights issue, and my attorney has answered any and all of my questions. Thus, I withdraw my discovery request under Article 39.14(a).

DYWANE HOWARD

24

THE STATE OF TEXAS §
COUNTY OF ARCHER §

Before me, the undersigned authority, on this day personally appeared DYWANE HOWARD, who after being duly sworn stated to me that: he is the defendant in the above numbered and entitled cause; he has read the foregoing "Certification of Discovery Complying with Texas Code of Criminal Procedure Article 39.14(a), Withdrawal of any Discovery Request, and Waiver of Discovery Rights," or had said document read and explained to him by his attorney; he fully understands said document and signed it freely and voluntarily without duress; and he fully understands the legal effects and consequences of signing said document.

Subscribed and sworn to before me on December 5, 2016.

_____
97TH DISTRICT CLERK OR DEPUTY

I represent DYWANE HOWARD in this case, and based upon my discussions with him, I believe that he has freely, knowingly, and voluntarily executed this document. My client and I have fully discussed him right to discovery under Texas Code of Criminal Procedure Article 39.14(a), and I believe that he understands him rights under this provision, as well as the consequences of executing this document. It is my professional opinion that the Defendant is competent to enter into the above acknowledgement and waiver. Pursuant to my client's express request, I withdraw any pending or additional discovery requests made pursuant to Article 39.14(a). I am also satisfied that the State has produced and permitted inspection of each item we designated under Article 39.14(a).

_____
Mark Barber
ATTORNEY FOR DEFENDANT

The Defendant and him attorney executed this document, then filed it with the papers in this cause. The Defendant came before me, with counsel, and I approved the above acknowledgement of discovery rights and waiver of discovery rights, along with the Defendant's plea of guilty. It appears to me that the Defendant is mentally competent to execute this document and to decide to withdraw and waive any request for further discovery which she would otherwise be entitled to under Texas Code of Criminal Procedure Article 39.14(a).

NOTHING HEREIN SHALL FORFEIT THE STATE'S ONGOING DISCLOSURE DUTY SET OUT IN THE TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 39.14(h).

SIGNED AND ENTERED on December 5, 2016.

_____
JUDGE PRESIDING

25

Filed: 12-5-16
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

**No. 2016-0031A-CR**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 97th JUDICIAL DISTRICT |
| v. | § | COURT OF |
| DYWANE HOWARD, DEFENDANT | § | ARCHER COUNTY, TEXAS |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

____ is not a plea-bargain case, and the defendant has the right of appeal.

____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right to appeal.

✓ is a plea bargain case, and the defendant has NO right of appeal.

✓ the defendant has waived the right of appeal.

____ involves another appealable order (specify:_____).

_____          December 5, 2016
Presiding Judge                                    Date Signed

<u>I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including my right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.</u>

_____          _____
Defendant                                              Defendant's Counsel

Mailing Address:                                    State Bar of Texas ID #:
Telephone Number:                                Mailing Address:
Fax # (if any):                                         Telephone Number:
                                                               Fax # (if any):

* A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea-bargain case – that is, a case in which a defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2)
Appendix to Rules of Appellate Procedure                                                      Rev. 10/11

Filed: 2-6-17 LR
**LORI RUTLEDGE**
**DISTRICT CLERK**
**ARCHER COUNTY, TEXAS**

**CAUSE NO. 2016-0031A-CR**
INCIDENT NO./TRN: 9158133658

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 97TH DISTRICT** |
| **V.** | § | **COURT** |
| **DYWANE HOWARD** | § | **ARCHER COUNTY, TEXAS** |
| STATE ID NO.: TX 04545201 | § | |

## 2nd AMENDED NUNC PRO TUNC JUDGMENT

This day came on to be heard the motion in writing of the State, filed herein, asking that a judgment nunc pro tunc be entered herein upon the minutes of this court, and the defendant, and his attorney of record, having agreed to the entry of the following judgment, as evidenced by their signatures below, the court considered the motion, and being satisfied that the statements therein are true, is of the opinion that said motion should be granted.

**IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED** by the court that the following judgment be entered upon the minutes of this Court, as of the date of 01/24/2017, in substitution of the judgment previously rendered on that date to-wit:

27

CAUSE NO. 2016-0031A-CR
INCIDENT NO./TRN: 9158133658

| THE STATE OF TEXAS | § | IN THE 97TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 04545201 | § | |

## 2ND AMENDED NUNC PRO TUNC JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. JACK A. MCGAUGHEY | | Date Judgment Entered: | November 16, 2016 | |
|---|---|---|---|---|---|
| Attorney for State: | Paige Williams, District Attorney<br>Kevin Henry, Assistant District Attorney | | Attorney for Defendant: | Mark Barber | |
| Offense for which Defendant Convicted: | | | | | |
| PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY | | | | | |
| Charging Instrument: | | | Statute for Offense: | | |
| INDICTMENT | | | PENAL CODE 38.11(g) | | |
| Date of Offense: | | | | | |
| JANUARY 28, 2016 | | | | | |
| Degree of Offense: | | Plea to Offense: | | Findings on Deadly Weapon: | |
| 3RD DEGREE FELONY | | GUILTY | | N/A | |
| Terms of Plea Bargain: | | | | | |
| 30 YEARS CONFINEMENT INSTITUTIONAL DIVISION TDCJ | | | | | |
| Plea to 1st Enhancement Paragraph: | | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | | TRUE |
| Findings on 1st Enhancement Paragraph: | | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | | TRUE |
| Date Sentence Imposed: | December 5, 2016 | | Date Sentence to Commence: | | December 5, 2016 |
| Punishment and Place of Confinement: | 30 YEARS INSTITUTIONAL DIVISION TDCJ | | Time Credited: 2 DAYS | | Defendant Initials |
| THIS SENTENCE SHALL RUN CONCURRENTLY. | | | | | |
| [    ] SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR | | | | | |
| | | | | | |
| Fine: | Court Costs: | Attorney Fees: | Restitution: | Restitution Payable to: | |
| $ 0.00 | $ 327.00 | $ 450.00 | $ 0.00 | ARCHER CSCD<br>PO BOX 666 | |
| [  X  ] Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof. | | | | | |
| Sex Offender Registration Requirements DOES NOT APPLY to the Defendant. TEX. CODE CRIM. PROC. chapter 62 | | | | | |
| The age of the victim at the time of the offense was N/A. | | | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in ARCHER County, Texas. The State appeared by her Assistant/District Attorney.

**Counsel / Waiver of Counsel (select one)**

[ x ] Defendant appeared in person with Counsel.

[    ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

28

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

[ x ] Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, INSTITUTIONAL DIVISION TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of ARCHER County on the date the sentence is to commence. Defendant shall be confined in the ARCHER County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

[ X ] The Court ORDERS Defendant's sentence EXECUTED.

[ ] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision as set out in "Conditions of Probation/Community Supervision". The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

The Court FINDS Defendant is convicted of a state jail felony and [ ] is    [ ] is not presumptively entitled to diligent participation credit in accordance with Code of Criminal Procedure, article 42.12, Section 15(h).

### Furthermore, the following special findings or orders apply:  NONE

Signed and entered on this January 24, 2017

X _____
JUDGE PRESIDING

Defendant's Right Thumbprint

A true copy of this document was received by me on January 24, 2017

_____
DEFENDANT

29

led: 12-5-16
LORI RUTLEDGE
DISTRICT CLERK
ARCHER COUNTY, TEXAS

CAUSE NO. 2016-0031A-CR
INCIDENT NO./TRN: 9158133658

| | |
|---|---|
| THE STATE OF TEXAS | § | IN THE 97TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 04545201 | § | |

### JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. JACK A. MCGAUGHEY | | Date Judgment Entered: | December 5, 2016 |
|---|---|---|---|---|
| Attorney for State: | Paige Williams, District Attorney<br>Kevin Henry, Assistant District Attorney | | Attorney for Defendant: | Mark Barber |

| Offense for which Defendant Convicted: |
|---|
| PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY |

| Charging Instrument: | | Statute for Offense: |
|---|---|---|
| INDICTMENT | | PENAL CODE 38.11(g) |

| Date of Offense: |
|---|
| January 28, 2016 |

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| SPECIAL DEGREE FELONY | GUILTY | N/A |

| Terms of Plea Bargain: |
|---|
| 30 YEARS CONFINEMENT INSTITUTIONAL DIVISION TDCJ |

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | | TRUE |
|---|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | | TRUE |

| Date Sentence Imposed: | November 16, 2016 | | Date Sentence to Commence: | November 16, 2016 |
|---|---|---|---|---|
| Punishment and Place of Confinement: | 30 YEARS INSTITUTIONAL DIVISION TDCJ | | Time Credited: 2 DAYS | Defendant Initials |

| THIS SENTENCE SHALL RUN CONCURRENTLY. |
|---|
| [  ] SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR |

| Fine: | Court Costs: | Attorney Fees: | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $ 0.00 | $ 327.00 | $ 450.00 | $ 0.00 | ARCHER CSCD<br>PO BOX 666 |

| [ X ] Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof. |
|---|
| Sex Offender Registration Requirements DOES NOT APPLY to the Defendant. TEX. CODE CRIM. PROC. chapter 62 |
| The age of the victim at the time of the offense was N/A. |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in ARCHER County, Texas. The State appeared by her Assistant/District Attorney.

#### Counsel / Waiver of Counsel (select one)

[ x ] Defendant appeared in person with Counsel.

[  ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

30

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

[ x ] **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, INSTITUTIONAL DIVISION TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of ARCHER County on the date the sentence is to commence. Defendant shall be confined in the ARCHER County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk of ARCHER County. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

[ X ] The Court ORDERS Defendant's sentence EXECUTED.

[ ] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision as set out in "Conditions of Probation/Community Supervision". The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

The Court FINDS Defendant is convicted of a state jail felony and [ ] is [ ] is not presumptively entitled to diligent participation credit in accordance with Code of Criminal Procedure, article 42.12, Section 15(h).

**Furthermore, the following special findings or orders apply: NONE**

**Signed and entered on this November 16, 2016**

X _____
JUDGE PRESIDING

**Defendant's Right Thumbprint**



A true copy of this document was received by me on November 16, 2016

X _____
DEFENDANT

Dywane Howard, #2112310
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, Texas   77351

*2016-0031A-CR-A*

Filed: 1-12-18
LORI RUTLEDGE   LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

Lori Rutledge
Archer County District Clerk
P.O. Box 815
Archer City, Texas   76351

Friday, December 30, 2017

RE:  APPLICATION FOR WRIT OF HABEAS CORPUS, 11.07

Dear Clerk:

Please file this Application for Writ of Habeas Corpus in the
appropiate court of conviction. It is the first of two applications
due to multiple convictions under different cause numbers.

Your assistance in this matter is greatly appreciated and i
thank you for the time and effort put forth.


Respctfully yours,

Dywane Howard

32

Case No. 2016 - 0031A-CR-A          Filed: 1-12-18
(The Clerk of the convicting court will fill this line in.)          LORI RUTLEDGE   LR
                                                                      DISTRICT CLERK
IN THE COURT OF CRIMINAL APPEALS OF TEXAS   ARCHER COUNTY, TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: DYWANE HOWARD

DATE OF BIRTH: October 19, 1973

PLACE OF CONFINEMENT: ALLAN B. POLUNSKY

TDCJ-CID NUMBER: 02112310          SID NUMBER: 04545201

(1)   This application concerns (check all that apply):

      ☒   a conviction          ☐   parole

      ☐   a sentence            ☐   mandatory supervision

      ☐   time credit           ☐   out-of-time appeal or petition for
                                     discretionary review

(2)   What district court entered the judgment of the conviction you want relief from?
      (Include the court number and county.)

      97th District Court of Archer County, Texas

(3)   What was the case number in the trial court?

      2016-0031A-CR

(4)   What was the name of the trial judge?

      Jack A. McGaughey

Effective: January 1, 2014          1

Rev. 01/14/14

33

(5)   Were you represented by counsel? If yes, provide the attorney's name:

Mark Barber.

(6)   What was the date that the judgment was entered?

December 5, 2016.

(7)   For what offense were you convicted and what was the sentence?

Man Del CS PG 1>=4G<200G. Senetenced to Thirty (30) years.

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☒ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10)  What kind of trial did you have?

☒ no jury                  ☐ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2.

Rev. 01/14/14

34

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

No.

(12)   Did you appeal from the judgment of conviction?

☐ yes                            ☒ no

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to?      N/A

(B)   What was the case number?      N/A

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:

N/A

(D)   What was the decision and the date of the decision?      N/A

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                            ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?      N/A

(B)   What was the decision and the date of the decision?      N/A

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                            ☒ no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number?   N/A

3

Rev. 01/14/14

(B)  What was the decision and the date of the decision?   _____N/A_____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____N/A_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?   __N/A_____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

N/A_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

N/A

_____

_____

_____

_____

_____

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are
being unlawfully restrained, and then briefly summarize the facts supporting each
ground. You must present each ground on the form application and a brief
summary of the facts. *If your grounds and brief summary of the facts have not been
presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you
may copy as many times as needed to give you a separate page for each ground, with
each ground numbered in sequence. The recitation of the facts supporting each
ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal
authorities, but the Court will *not* consider grounds for relief set out in a
memorandum of law that were not raised on the form. The citations and argument
must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
and does not exceed 15,000 words if computer-generated or 50 pages if not. If you
are challenging the validity of your conviction, please include a summary of the facts
pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

 Ineffective Assistance of Counsel of Trial Attorney, Mark

 Barber.

**FACTS SUPPORTING GROUND ONE:**

 Trail attorney Mark Barber failed to investigate the arrest

 affidavit to determine what charge was valid for prosecution;

 failed to file any motions to preserve the dash cam and

 county jail surveillance of the actual arrest;

 failed to follow through on the motion to suppress, knowing

 Applicant was arrested on a warrantless arrest without prob-

 able cause;

 failed to interview and secure an affidavit from the driver

 of the vehicle in regards to the traffic stop, consent to

 search and arrest of marijauna possession.

 failed to present before the court that the evidence was fruit

 of the poisinuous tree;

 failed to investigate why the State did not test all alleged

6

Rev. 01/14/14

38

filed an untimely motion to suppress (two days prior to trial)

without facts in support of the motion;

was not prepared to take Applicant before a jury forcing

Applicant to go for a plea agreement.

7

Rev. 01/14/14

**GROUND TWO:**

Actual Innocence

**FACTS SUPPORTING GROUND TWO:**

Applicant was convicted of Man Del CS PG 1>=4G<200G in cause

2016-0031A-CR along with cause number 2016-0032A-CR contrary

the Probable Cuase Affidavit submitted by DPS Officer Gina

Loran (Exhibit A)

There is no evidence to support this actual cause unless

Applicant is excused of Double Jeopardy under a non-context-

ual evidence case (Exhibit A: #'s 38-45.

Selection of indictment must be made when a contextual evidence

issue is before the Court.

8

Rev. 01/14/14

9

Rev. 01/14/14

**GROUND THREE:**

Unenforcable Plea

**FACTS SUPPORTING GROUND THREE:**

Applicant contends that his plea agreement is unenforcable to
any effectiveness due to the contextual evidence issue of the
arrest. By way of the Probale Cause Affidavit and not other
evdience, his arrest was one continious episode from the
roadside stop to the book-in. Applicant was never outside the
sight or view of any officer and there was no controlled sub-
stances found on Applicant during the roadside investigation.
State's evidence is relied upon by the Probable Cause Affidavit
which gives no rise to any possession of a controlled substance
allegedly attached to Applicant until his booking into the
Archer County Jail. This after numerous searches roadside.
Attorney Barber's failure to secure the dash cam in this cause

10

Rev. 01/14/14

allowed for no defense as to when and how Applicant allegedly

came into possession of the controlled substance.

Furthermore, no evidence was presented from the state in re-

gards to the booking, proving that Applicant actually possessed

a controlled substance.

11

Rev. 01/14/14

43

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

13

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

48

**PETITIONER'S INFORMATION**

Petitioner's printed name:  DYWANE HOWARD

State bar number, if applicable:  02112310

Address:   ALLAN B. POLUNSKY

3872 FM 350 SOUTH

LIVINGSTON, TEXAS   77351

Telephone:  N/a

Fax:   N/A

**INMATE'S DECLARATION**

I,  Dywane Howard           , am the (applicant) petitioner (circle one) and

being presently incarcerated in   Allan B. Polunsky     , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on  December 30      , 20 17  .

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

49

PETITIONER'S INFORMATION

Petitioner's printed name:   DYWANE HOWARD

Address:   ALLAN B. POLUNSKY

            3872 FM 350 SOUTH

            LIVINGSTSON, TEXAS   77351

Telephone:   N/A

Fax:            N/A


Signed on  December 30      , 20      .


Signature of Petitioner

18

Rev. 01/14/14

50

CAUSE NO._____

DYWANE HOWARD                    §      IN THE DISTRICT COURT
                                 §
                                 §      97th JUDICIAL DISTRICT
                                 §
EX PARTE                         §      ARCHER COUNTY, TEXAS

PRO SE MEMORANDUM IN SUPPORT OF
APPLICATION FOR WRIT OF HABEAS CORPUS; 11.07

TO THE HONORABLE JUDGE OF SAID COURT:


COMES NOW Dywane Howard, TDCJ #02112310, with this his
Application for Writ of Habeas Corpus puraunt to Article 11.07
of the Texas Code of Criminal Procedure.


I.

This Court has jurisdiction pursuant to a conviction under
cause number 2016-0031A-CR.


II.

applicant is currently confined in the Allan B. Polunsky
Unit of the Texas Department of Criminal Justice-Institutional
Division by way of order from said to under a sentence of thirty
(30) years confinement.

51

GROUND ONE:

INEFFECTIVE ASSISTANCE OF COUNSEL OF TRIAL ATTORNEY MARK BARBER

Applicant contends that for the failure of Trial attorney's
investigation into the events surrounding Applicant's arrest.
Had Mr. Barber investigated the events, he would have discovered
that applicant was arrested due to an arrest of the driver,
Shane holloway, of a vehicle he was a passenger in. Through
a traffic stop for speeding an investigation into the aroma
of marijuana was conducted; this after the driver of the vehicle
did not have his drivers license to present to the officer,
stating he lieft it at home.

A search began by the officer was halted until she could
obtain backup and once backup arrived  both the driver and passeng-
er was extracted, searched and placed in seperate police vehicles
after marijuana was found under the driver's seat. At this point
the driver admitted to the possession of the marijuana, the
only controlled substance to be found in the vehicle.

A review of the dash cams from both vehicles would have
shown the actual events of the arrest, proving that Applicant
was found to be in possession of any controlled substance at
the intial stop, search and arrest. An arrest of Applicant was
derived without probable cause. Any evidence from this point
on is to be considered fruit of a poisinous tree.

Mr. Barber failed to recoginize that the indictments all
derived from the same criminal episode of the traffic stop

2

52

to Applicant's booking.

Mr. Barber's failure to preserve the dash can videos of the two patrol cars as well as the surveillance video of the archer County Jail impeded Applicant's effectiveness to defend himself against double jeopardy and the first degree felony possession charge.

Whether at the traffic stop or from within the jail, Applicant's conviction can only be had upon "when the alleged controlled substance was found and even if considered otherwise; it would be all held as contextual.

If not for the ineffective assistance of Mr. Barber, the outcome of Applicant's Court proceedings would have been different and the dual conviction of the same criminal episode would not have occurred. Jackson v, State, 857 S.W.2d 678; Strickland v. Washington, 104 S.Ct. 2552

CONCLUSION

Applicant reserves the right to rebuttal on the State's original Answer and request that an Evidentiary hearing be conducted to fully develope the record. Ex parte toores, 943 S.W.2d 469, 475 (1997) (en banc).

3

53

Applicant contends that due to the ineffective assistance of counsel by Mr. Barber, Applicant has been fundamentally denied his right to a fair and impartial trial as afford all defendants under the 14th amendment of the U.S. Constiution.

Applicant contends that he has suffered cruel and unusual punishment by being sentenced twice for the same crime underall the 8th Amendment of the U.S. Constitution.

### PRAYER

Applicant prays this Court grant relief and remand the cause for new proceedings consistance with that afforded Applicant under the Texas code of Criminal Procedure and afforded him by the United States constituion.

Applicant prays appoinment of counsel be granted as afforded Applicant in Applications for Writ of Habeas Corpus upon initial review.

Executed on this the 30th Day of December, 2017.

Respectfully submitted

Dywane Howard

4

54

## UNSWORN DECLARATION

I, Dywane howard, TDCJ #02112310, am the Applicant and
being presently incarcerated in the Allan B. Polunsky Unit
of the Texas department of Criminal Justice-institutional division,
declare under penalty of perjury that, according to my belief,
the facts stated in this Pro Se Memorandum in Support of Appli-
cation for Writ of Habeas Corpus; 11.07, are true and correct.

executed on this the 30th day of December, 2017.

Respectfully submitted,

Dywane Howard

55

EXHIBIT

"A"

09/18/2017   16:47 Archer County District Clerk                    (FAX)19405742432        P.002/011

## PROBABLE CAUSE AFFIDAVIT

THE STATE OF TEXAS)                                              V#*/L-L2 52
                         ARREST DATE  01-28-2016          Case#.
COUNTY OF ARCHER              TIME   3:15 PM              Booking No. Payo4F/5 Ceace y

I, Gina Loran, do solemnly swear that I have good reason to believe and do believe, that Dywane Howard
on or about the 28th day of January. 2016, unlawfully committed the offense(s) of Controlled Substance
Offenses:
   •   PROHIBTED SUBSTANCE IN PENATLY/ITEM IN CORRECTIONAL FACILITY
       PC 38.11(g)  **Third Degree Felony**

       Such belief being based upon the following facts, to wit:

**Probable Cause for stop:**

1.   On Thursday 28 January 2016 at approximately 3:15 pm. I, Trooper Gina Loran was on routine patrol
     working stationary radar on US 281 in Scotland, MP 210 in Archer County Texas.

2.   I observed a black Volkswagen passenger car bearing Texas registration FKN6173 traveling north bound
     traveling at a high rate of speed.

3.   The speed of the Volkswagen passenger car was checked by Stalker rear stationary radar at 60mph in the
     posted 45mph zone.

4.   I am certified in the use of the Stalker radar.

5.   I attempted to stop the driver of Volkswagen for the violation.  The driver continued north bound then pulle
     off of US 281 onto 7th street in Scotland, TX where the vehicle came to a stop.

**Identification of Driver & Passenger:**

6.   The traffic stop was initiated.  I found the driver was a white male, and had a black male passenger.

7.   I explained to the driver why he had been stopped, and asked for his driver's license and insurance.

8.   I immediately smelt a strong odor of marijuana coming from the vehicle upon contact with the driver at the
     driver's side window.

9.   The driver said he did not have his driver's license.

10.  I asked the driver to exit his vehicle and come back to the patrol vehicle so I could gather the needed

                                    Page 1 of 4

57

09/18/2017   16:47 Archer County District Clerk                    (FAX)19405742432          P.003/011

information.

11. I requested the passenger's driver's license while the driver was exiting the vehicle.

12. The passenger gave me his Texas Identification card # 14855757 which identified him as Dywane Howard of Wichita Falls, TX.

13. Howard was found to have multiple ID/No DL suspensions.

14. The Driver was identified by his name and DOB 01-12-1980 as Shane Mark Holloway of Wichita Falls, T?

15. Holloway was found to have Texas DL # 16841715.

16. I noticed Holloway was nervous, & I could see the sweat beaded up upon Holloway's entire face & forehea while he sat in the patrol car during the stop interview.

17. While talking to Holloway I asked him why he was so nervous. Holloway said that he thought he had a warrant.

18. Holloway said he thought he had a traffic warrant.

19. I told Holloway I could smell a strong odor of marijuana upon him, and asked if he had smoked marijuana today.

20. Holloway said yes he did smoke marijuana in the car earlier today.

21. I asked Holloway if he had any marijuana in his vehicle, Holloway said no that he only had smoked it this morning, but didn't have any in the car.

**Consent to Search**

22. Holloway was asked if I could search his vehicle, Holloway said yes, but added that this was not his vehicl & said that it belonged to his grandmother.

23. Holloway was acting strange, moving around, rubbing his head, and seemingly having a short attention spa with his attention toward the vehicle.

24. Holloway was asked to stand to the front of the patrol vehicle, where I could see him as I began to search tl passenger car.

25. I asked the passenger/Howard to step out of the vehicle as I received consent to search the car.

26. Howard was texting on his phone, so I asked him to leave his phone on the dash and step out.

27. Howard was asked if he had anything illegal on his person or in the vehicle, Howard said no.

28. I could smell a strong odor of fresh marijuana upon Howard.

29. I told Howard I could smell the marijuana upon him, Howard said he had smoked marijuana earlier also.

30. I called DPS and asked for backup. THP Will Richter arrived and assisted.

Page 2 of 4

58

**Discover Controlled Substance**

31. During search of the Volkswagen passenger car I removed a large zip-lock gallon bag full of marijuana from the driver's side rear floorboard.

32. The Marijuana found later weighed in at 1-pound of marijuana.

**Arrest of Driver & Passenger**

33. At this point I asked assisting DPS/THP Will Richter to handcuff Holloway, & I handcuffed Howard.

34. Both subjects were told they were under arrest for possession of marijuana, and Trooper Richter read both Howard and Holloway their warnings in front of my patrol vehicle.

35. Howard was transported to the Archer County Sheriff's Office Jail by THP Will Richter in his patrol vehicle.

36. THP Richter said Howard was sweating profusely during the ride to the jail even though it was cool in the vehicle.

37. THP Richter said he told Howard he could smell a strong odor of marijuana upon him while he was in the vehicle, Howard told him he had smoked earlier.

38. Once at the jail, THP Richter told Howard that if he had any controlled substances on his person and took it into the jail that it would be a enhanced charge for taking it into a correctional facility.

39. Howard didn't tell THP Richter he had controlled substances in his clothing.

40. THP Richter & Howard then entered the Jail.

41. Once they went through both metal locked secured doors & hall way and entered the main booking area where inmates are allowed, Howard told THP Richter I have something.

42. THP Richter & ACSO Detention Officer Dale Richey took Howard into a secure search room where Howard removed a plastic wrapped portion of marijuana from the inside Howard's/under ware and handed to THP Richter.

43. The marijuana amount was less than 2oz, but it was the strong marijuana odor that we smelled on Howard during our contact with him.

44. Howard then removed a large amount of Crystal Methamphetamine also in a plastic wrap and handed it to THP Richter.

45. The Crystal Methamphetamine later weighed in at 94 grams of Crystal Meth.

46. The large bag of marijuana found in the vehicle, & the marijuana Howard introduced into the jail were tested with a Nik II Marijuana test kit "E" Lot # 21581 that resulted in a positive for marijuana finding.

Page 3 of 4

47. The crystal substance was tested with #15 Methamphetamine Reagent testing tube, which <u>tested Positive fo</u> <u>Methamphetamine.</u>

48. All controlled substances found will be sent to TX DPS Crime Laboratory in Abilene for Identification, weight, & storage pending trial.

**Charges**

49. Holloway was arrested and charged for the following Controlled Substance Violation's:

   • Possession of Marijuana ^over 4oz >under 5 Lbs HSC 481.115 (b) 3, a State Jail Felony.

50. Howard was arrested and charged for the following Controlled Substance Violations:

   • Possession of Marijuana ^over 4oz >under 5 Lbs HSC 481.115 (b) 3, a State Jail Felony.
   • Possession of Controlled Substance Penalty Group 1 –(Methamphetamine) HSC481.115 (d) ^4grams >under 200grams a Second Degree Felony
   • Prohibited Substance/Item in Correctional Facility PC 38.11 (g) a Third Degree Felony

**Disposition of Vehicle**

51. Holloway's vehicle was impounded by Big Daddy's Wrecker Service for storage.

52. Both Holloway & Howard were searched by Detention Officer Dale Richey and were booked into the ACSO jail without incident.

Page 4 of 4

60

09/18/2017   16:48 Archer County District Clerk                    (FAX)19405742432        P.006/011

All of the above events occurred in Archer County, Texas unless other wise indicated.



Gina Loran, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by

Gina D. Loran, a credible person on this 28th day of

January, 2016.

TAMMYLEE WAIFORD
Notary Public, State of Texas
My Commission Expires
June 02, 2018

Notary Public for the State of Texas

On this 27th day of January, 2016 I examined the attached affidavit and based thereon find as indicated by an "X":

(X)  That there is probable cause to believe that the accused has committed the above offense and hereby ORDER that the accused be committed to the Archer County Jail and hereby set bail at $ 25000 °° Unless the accused has previously posted bail according to the schedule approved by the Judge of Archer County Court.

( )  That there is not probable cause to believe that the accused committed the above offense and hereby ORDER the accused be released.

Magistrate

Page 1 of 1

61

Filed: 1/23/2018 9:22 AM
Lori Rutledge,
District Clerk
Archer County, Texas

LaNell Beesinger

No. 2016-0031A-CR-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 97TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | OF |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |

### STATE'S RESPONSE TO APPLICATION
### FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through the 97th District Attorney, and in opposition of the Application for the Writ of Habeas Corpus respectfully states the following to the Court based on its information and belief:

I.    GENERAL DENIAL

The State generally and specifically denies each and every allegation of fact made by Applicant and therefore demands strict proof of the same.

II.    HISTORY OF THE CASE

The State has custody of Dywane Howard, "Applicant," pursuant to a judgment and sentence of the 97th District Court of Archer County, Texas, in Cause No. 2016-0031A-CR, styled "The State of Texas v. Dywane Howard," wherein Applicant pled guilty and was convicted of the offense of Manufacture/Delivery of a Controlled Substance, PG1, more than four grams but less than 200 grams. Applicant pled true to two prior final felony convictions and Applicant's punishment was enhanced to habitual felony offender. Pursuant to the plea bargain agreement, the trial court sentenced Applicant to 30 years confinement, Texas Department of Criminal Justice, Institutional Division, on December 5, 2016.

Applicant did not appeal his conviction.

---

STATE'S ANSWER TO APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS - PAGE 1 OF 4

III.    APPLICANT'S ALLEGATIONS

Applicant alleges his confinement is illegal because his plea was involuntary due to ineffective assistance of counsel. *See* Application, p. 6-7. Applicant further claims that his confinement is illegal because he is actually innocent. *See* Application, p. 8. Finally, Applicant claims his confinement is illegal because his plea agreement is unenforceable. *See* Application, p. 10-11.

IV.    NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD

There is no need for an expansion of the record. Applicant's allegation can be resolved based on the record before the trial court.

Applicant need NOT be brought back to Archer County for a hearing.

V.    ARGUMENT AND AUTHORITIES

A.    Applicable Law

In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d, 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction of punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, the applicant must present facts that, if true, would entitle him to the relief requested. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

B.     Applicant's Application is Insufficient as a Matter of Law.

The State would show that the Applicant's Application for Writ of Habeas Corpus filed herein is insufficient as a matter of law for the following reasons, to-wit:

The Application filed herein does not comply with Tex. R. App. P. 73.1, 73.2, in that it does not contain a verification. *See Ex parte Blalock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).

Alternatively, the State would show that Applicant's Petition for Writ of Habeas Corpus filed herein is insufficient as a matter of law for the following reasons, to-wit:

(1) The application contains no unresolved facts material to the Applicant's confinement;

(2) The application contains no cognizable claims;

(3) The application contains only claims of issues not previously raised at trial;

(4) The application contains no sworn allegation of fact which, if true would render his confinement illegal; and

(5) The Applicant's 'Ground One' complains of ineffective assistance of counsel in the alleged actions of trial counsel Mark Barber.

C.     Each of Applicant's Respective Grounds for Relief Should Be Denied

Each of Applicant's grounds for relief should be denied because he failed to overcome his plea was regular. Applicant has not met his burden of showing that any of the complained errors contributed to his confinement. Applicant states only conclusions, not specific facts that, if true, would entitled him to the relief requested.

VI.     ALTERNATIVE RELIEF REQUESTED

Alternatively, should the Court determine that the Applicant has raised factual issues which require a hearing to arrive at findings of fact, trial counsel, Mark Barber, should be permitted to submit testimony or affidavits to the Court on the issues raised.

VII.   PRAYER

Wherefore, premises considered, the State prays that this Court recommend that Applicant's request for relief be DENIED.

Signed January 22, 2018.

                              Respectfully submitted,

                              ___/s/ Casey Polhemus_____
                              Casey Polhemus
                              District Attorney
                              State Bar No. 24077936
                              97th Judicial District Attorney's Office
                              P. O. Box 55
                              Montague, TX 76251
                              Tel. (940) 894-6211
                              Fax (940) 894-6203


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on Applicant by regular mail on January 22, 2018, at the following address:

Mr. Dywane Howard
TDCJ-CID # 02112310
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

                              ___/s/ Casey Polhemus_____
                              Casey Polhemus
                              District Attorney

### CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this State's Response is 728 words.

                              ___/s/ Casey Polhemus_____
                              Casey Polhemus
                              District Attorney

Filed: 2-27-18
LORI RUTLEDGE     LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

NO. 2016-0031A-CR-A

| STATE OF TEXAS | * | IN THE 97TH DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| DYWANE HOWARD | * | ARCHER COUNTY, TEXAS |

### ORDER APPOINTING ATTORNEY FOR PURPOSES OF WRIT OF HABEAS CORPUS ONLY

Pursuant to application for court appointed counsel for indigent defendant heretofore presented to the Court, and after having given the same due consideration, the Court is of the opinion that an attorney should be appointed to represent the defendant in the above entitled and numbered cause.

It is ordered that **Scott Stillson**, a practicing and qualified attorney of this bar be, and said attorney is hereby appointed as attorney for the defendant in the above entitled and numbered cause. This appointment is effective the date of this order, or such earlier date as actual notice of such appointment may have been given to said attorney, if the same appears anywhere in the record of this cause.

Signed February 13, 2018.

_____
Jack A. McGaughey, Judge

COPIES SENT TO:

District Attorney
P.O. Box 55
Montague, Texas 76251

Scott Stillson
900 8th St., Suite 1230
Wichita Falls, Texas 76301
Ph: 940-228-7437
Email: attorney@scottstillsonlaw.com

Dywane Howard
TDCJ# 02112310
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

Filed: 2-27-18
LORI RUTLEDGE    LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

No. 2016-0031A-CR-A

EX PARTE                                    IN THE DISTRICT COURT OF

v                                          ARCHER COUNTY, TEXAS

DWAYNE HOWARD                               97th JUDICIAL DISTRICT

### ORDER TO RESPOND TO CLAIM
### OF INEFFECTIVE ASSISTANCE OF COUNSEL

NOW COMES the Court and finds that the trial counsel in this cause should be ordered to respond to the Applicant's claims of ineffective assistance of counsel.

IT IS THEREFORE ORDERED that Mark Barber, counsel of record for the Applicant, Dwayne Howard, in the trial of this cause shall respond in writing to the Applicant's claims of ineffective assistance of counsel as set forth in the Application for Writ of Habeas Corpus filed by Dwayne Howard which is currently before the Court of Criminal Appeals.

IT IS FURTHER ORDERED that written response of Mark Barber shall be submitted in the form of a sworn affidavit and shall be filed with the District Clerk of Montague County, Texas, no later than 28 February 2018 and a copy of the affidavit provided by that date to Casey Polhemus, the District Attorney of Montague County, Texas, and to Scott R. 8tillson, attorney for the Applicant, Dwayne Howard.

Signed 13 February 2018.

_____
Judge Presiding

67

Filed: 3/29/2018 5:01 PM
Lori Rutledge,
District Clerk
Archer County, Texas

Lori Rutledge

## NO. ꝺo\b- 003\A·02

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 97th JUDICIAL DISTRICT |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |

### AFFIDAVIT OF MARK H. BARBER

BEFORE ME, the undersigned authority, personally appeared Mark H. Barber, who, after being by me duly sworn stated the following under oath:

"My name is Mark H. Barber. I am over the age of fourteen (14) years, and I am competent to make this affidavit. The statements contained herein are true and correct.

"The defendant in this cause was arrested on or about January 28, 2016 in Archer County, Texas by DPS troopers. Three charges were filed against Mr. Howard. He was arrested for Possession of Marijuana over 4 ounces and under 5 lbs, Prohibited Substance in a Correctional Facility and Manufacture/Delivery of a Controlled Substance over 4 grams and under 200 grams. He was initially denied a court appointed attorney by Judge McGaughey on 2/6/16. On May 2, 2016, an indictment was filed against Mr. Howard for Possession with Intent to Deliver 4-200 grams. He was also indicted for Prohibited Substance in a Correction Facility as well as the State Jail marijuana charge. There were two enhancement paragraphs in the indictment alleging that Mr. Howard was a habitual offender. The punishment range for the Possession with Intent to Deliver was potentially 25 to life because of his alleged prior convictions. I was appointed in court or about June 6, 2016 in open court but the written order was signed on or about June 14, 2016. Contrary to the assertions in the writ, motions do not have to be filed for discovery as the Archer County District Attorney's Office has an open file policy and provides discovery by way

68

of e-mail. I received a discovery packet from the District Attorney's Office on or about June 14, 2016 by e-mail. The discovery packet had all the police reports and other relevant documents pertaining to the case. Available DVDs are picked up at the D.A.'s office in person and were picked up in this case including the video of the traffic stop." (See Exhibit A attached hereto)

"Mr. Howard came into my office during the summer of 2016 and we talked about his case. He admitted to me that he had the methamphetamine in his possession. He also told me about his criminal history. He said that he knew he would have to do some time but wanted it to be as little as possible."

"Mr. Howard was a passenger in a car driven by Shane Mark Holloway. DPS Trooper Loran pulled the vehicle over for doing 60 m.p.h. in a 45 m.p.h. speed zone. A traffic violation is grounds for a stop of a vehicle. DPS Trooper Loran swore under oath that she smelled marijuana coming from the vehicle when she begin talking to the driver of the vehicle. The smell of marijuana coming from a vehicle provides probable cause for the search of a vehicle; however, Mr. Holloway also gave verbal consent to search the vehicle. When questioned Holloway admitted that he had smoked marijuana in the car earlier that day. He told Trooper Loran that they had visited Howard's sister in the DFW area and were on the way back to Wichita. Prior to searching the vehicle, Trooper Loran asked Mr. Howard to get out of the vehicle and she swore under oath that she smelled a "strong odor of fresh marijuana upon Howard." Howard told her that he had smoked earlier. In her report, she said that she instructed Howard to stand in the "barrow ditch" and that he became "increasingly nervous, moving around looking at me." Upon searching the vehicle, Trooper Loran found a pound of marijuana in a large gallon size zip-lock baggie in the rear seat. Trooper Loran stated under oath that in her experience this amount of marijuana is not for personal use. After they were both arrested,

Trooper Loran wrote in her report the following:

> 44. Holloway told us that the bag of marijuana was his. He said that he forgot the marijuana was in the car when he told there were no drugs in the car earlier.

> 45. Holloway said Howard didn't need this on him because he had children. Howard began sweating profusely.

> 46. Holloway asked me several times to release the car to Howard so Howard could leave?? Howard asked Trooper Richter this several times also.

> 48. Trooper Richter and I found it odd that both Holloway and Howard tried multiple times to get us to let Howard go free.

Trooper Will Richter transported Howard to jail after he was arrested for the marijuana charge. According to Trooper Richter, he told Howard before they arrived at the jail that it was a felony for him to take anything into the jail. Howard reportedly denied that he had anything on him. Once they entered the jail, Howard reportedly told Richter that "he had something." He reportedly told Richter and jailer Dale Richey that it was in his clothing. They then took him to a secure room to search him. Howard pulled a plastic grocery sack out from his underwear which had marijuana and approximately 94 grams of methamphetamine (in three baggies). As previously mentioned, Howard admitted to counsel that had the methamphetamine in his underwear. However, Howard now claims counsel should have obtained video from the jail. This Court will remember that counsel tried a case entitled "The State of Texas v. Pamela Crick" in Archer County, Texas. Ms. Krick was found to have methamphetamine in a pocket in her jacket on book in to the Archer County Jail. The case was tried. The D.A. did not have any video from the jail. Counsel argued this as part of his defense that the video should have been retained for the jury and that its absence should raise a reasonable doubt as to what actually happened. Counsel has learned that the Archer County Jail only keeps video from the book in

70

area for 90 days however, the search occurred in a private room where counsel has been told that there is no video recording device. Accordingly, there was no video and again Mr. Howard admitted to counsel that the methamphetamine was his.

Mr. Howard felt like he should not have been arrested for the marijuana charge because Holloway claimed ownership of the marijuana. However, ownership is never the issue in such a case. Possession is the issue and two people can be in possession of a substance such as marijuana at the same time. Probable cause for an arrest is a very minimal standard for the State to meet in a suppression hearing.

Counsel filed a suppression hearing prior to trial and the parties agreed to have it heard by Judge McGaughey prior to starting the trial. The suppression hearing was held before jury selection began. The relevant issues were raised and the Court denied Defendant's Motion to Suppress. After lunch, we proceeded to pick the jury. The next morning, Mr. Howard decided to enter into a plea bargain.

In his writ, Howard says that counsel should have found out why only one bag of methamphetamine was tested by the DPS lab. Counsel knew why only one bag of three was tested and conveyed this to Howard. The bag in question that was tested was reported by DPS to have 27.85 grams of methamphetamine in it when weighed at the lab. This amount places it by itself within the 4-200 gram range. All three bags total weighed by Trooper Richter weighed 94 grams. DPS will not test additional bags if it does not change the weight range (and accordingly, the punishment range) DPS has enacted this policy because of limited resources and being swamped with drug cases. This was all conveyed to Mr. Howard.

With regard to the trial, Mr. Howard was given notice well before the trial date of the trial setting by both the Court and counsel. Counsel was continually told by Mr. Howard that he

71

didn't want to go to trial.

On or about October 26, 2017, counsel received an email from District Attorney Paige Williams that Howard was one of the only cases left on the November trial docket on Archer and she needed to let the Court and district clerk know if the case was going to be tried. Her offer was 50 years because Howard was a "habitual offender." Counsel also got a call from the Court around that time wanting to know if a plea bargain was probable because notices needed to go out to possible jurors. Counsel meet with Mr. Howard on October 28, 2016 at approximately 1:15 p.m. Counsel told Mr. Howard the D.A.'s offer of 50 years. Mr. Howard did not want the offer. To the best of counsel's recollection he was willing to accept 10 years TDCJ. This was conveyed to the D.A. who rejected the 10 year counteroffer.

To the best of counsel's recollection, counsel and Mr. Howard appeared at the Archer County Courthouse on Monday, November 15, 2017. We were unable to again work out a plea bargain to Mr. Howard's satisfaction. We thereafter had the suppression hearing and subsequently, picked a jury. On the morning of the start of trial, Tuesday, November 16, 2016, Mr. Howard agreed to the 30 years TDCJ offer from the State. Counsel and the D.A. had to confer with the Court to see if the Court would accept a plea bargain at that late date. The Court agreed to accept the plea bargain and the paperwork was drafted and signed by Mr. Howard, the Court then held the plea bargain trial.

Counsel has tried various types of methamphetamine cases in North Texas as a prosecutor as well as a defense lawyer. Counsel has been through numerous voir dires concerning methamphetamines. Jurors and juries in North Texas had methamphetamines. They know well the destruction of the drug and the crime caused by it. Mr. Howard was found with approximately 94 grams of methamphetamine in his underwear which is a large amount. The

State would have characterized him as a drug dealer with an extensive criminal past. He had four prior felony convictions and several misdemeanor convictions. He also admitted in a post-arrest interview that he was formerly a crip gang member. In counsel's experienced opinion, Mr. Howard would have received much more than 30 years in prison if the case had been tried. Counsel worked hard to get the prosecutor to try to get the case in the 10 to 20 year range but neither she nor her assistant would get into that range. Mr. Howard's plea was freely and voluntarily made.

In his writ Howard claims that counsel should have gotten an affidavit from Holloway. This is, of course, another stupid assertion. The stop was on tape. Holloway's statements to the troopers were quoted above. Holloway claimed that he just happened to forget there was a pound of marijuana in a gallon zip lock back in the car he was driving when asked just a few minutes earlier. In counsel's experienced opinion, this would not be credible to a judge or jury. Trooper Loran in her reports admitted that Holloway claimed that the marijuana was his. She outlined his other statements as well. There was no need to get an affidavit from Holloway because his conduct and statements were on tape. There was no dispute that he claimed ownership of the marijuana, but ownership, as discussed above, does not mean that the State could not prove that there was probable cause for Howard to be arrested for possession of marijuana. Because it was admitted in the reports that Holloway claimed ownership of the drugs and that he asked Howard to be released there was no reason to obtain an affidavit from Holloway.

"I AM SIGNING THIS AFFIDAVIT VOLUNTARILY. I HAVE NOT BEEN COERCED OR THREATENED IN ANY WAY TO SIGN THIS AFFIDAVIT, NOR HAS ANY PROMISE OF ANY NATURE BEEN MADE IN EXCHANGE FOR MY EXECUTION OF

73

THIS AFFIDAVIT."

_____
Mark H. Barber, Affiant

SWORN and SUBSCRIBED before me, the undersigned authority, on this _____ day of

, 2018.

| TARYN LIVELY |
| Notary Public, State of Texas |
| Comm. Expires 10-02-2021 |
| Notary ID 13130046-6 |

_____
Notary Public, State of Texas

74

Filed: 0 15 10
**LORI RUTLEDGE** *LB*
**DISTRICT CLERK**
**ARCHER COUNTY, TEXAS**

No. 2016-0030A-CR

| THE STATE OF TEXAS | § | IN THE 97th JUDICIAL DISTRICT |
|---|---|---|
| v. | § | COURT OF |
| DYWANE HOWARD, Defendant | § | ARCHER COUNTY, TEXAS |

## THE STATE'S INITIAL 39.14 DISCLOSURE

The State of Texas files this INITIAL DISCLOSURE pursuant to Article 39.14 of the Texas Code of Criminal Procedure. In addition to the items electronically duplicated (and listed below), there may be items such as video, audio, and tangible evidence that are available for pickup at the District Attorney's Office.

*It is the duty of the defense attorney to make an appointment with the District Attorney's Office to review any of the tangible evidence that cannot be duplicated (forensic interviews and etc.).*

The items listed below have been disclosed to the defense counsel.

| Delivery Date | Document | Remarks | # of Pages | Method |
|---|---|---|---|---|
| June 14, 2016 | Indictment | | 3 | Email |
| | Lab report | | 3 | |
| | Offense report | | 13 | |
| | Supplement reports | Assisting officer | 4 | |
| | Supplement reports | Dps cid | 49 | |
| | Probable cause affidavit | | 17 | |
| | Arrest report | | 1 | |
| | Magistrate | | 4 | |
| | Lab report | Submission forms | 4 | |
| | Book in information | | 2 | |
| | Criminal history | | 3 | |
| | Order | | 3 | |
| | Property inventory | | 1 | |
| | Cjis | | 1 | |
| | Bond | | 3 | |
| | Cdr | Cell phone analysis Interview defendant/codefendant | 2-1 | Pickup |
| June 15, 2016 | Cdr | Ritcher 2-2 | | |
| | In car video | Loran 1-2 | 1 | |
| | In car video | Loran 2-2 | 1 | |
| | In car video | Ritcher 1-2 | 1 | |
| | In car video | | 1 | |

Signed *9 Aug 2016*

STATE ATTORNEY

MARK BARBER

75

Filed: 6/15/2018 5:11 PM
Lori Rutledge,
District Clerk
Archer County, Texas

Lori Rutledge

## CAUSE NO. 2016-0031A-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 97TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| DYWANE HOWARD | § | ARCHER COUNTY, TEXAS |

### DEFENDANT'S CLOSING ARGUMENT AND REQUEST
### FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Dywane Howard, Defendant in the above numbered cause, and moves the Court to grant Defendant's request for findings of fact and conclusions of law, and in support of his request would show the following:

### I.     Ineffective Assistance of Counsel

Standard of Review:

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."[1]  To prevail on a writ of habeas corpus, Appellant must prove his claims by a preponderance of the evidence.[2]  When determining whether an attorney rendered ineffective assistance of counsel, Texas courts adopt the standard set forth in *Strickland v. Washington*.[3]  Applicant must show that counsel "made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[4]  A defendant in Texas is entitled to reasonably effective assistance of counsel.[5]  An appellant must show that his attorney's performance was deficient and that there is a "reasonable probability" sufficient to undermine confidence in the result that the outcome would have been different but for his

---

[1] *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980).
[2] *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995).
[3] *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).
[4] *Strickland* 466 U.S. at 687.
[5] *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980).

Page 1 of 5

attorney's deficient performance.[6]  Courts should consider "the totality of the representation" rather than isolated acts of omissions of trial counsel.[7]

Courts have held that failure to prepare for trial constitutes an denial of effective assistance of counsel.[8]  "Accordingly, competent advice requires that an attorney conduct independent legal and factual investigations sufficient to enable him to have a firm command of the case and the relationship between the facts and each element of the offense."[9]  Applicant need not show that his case would have received a more favorable disposition had he gone to trial.[10]  Instead, regarding pleas "the applicant satisfies the prejudice prong by showing a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[11]

Argument and Analysis:

In this case, the record is clear that trial counsel performed deficiently and that deficient performance rendered Appellant's plea involuntary.  Trial counsel testified that at the time of trial he had failed to conduct an adequate investigation of the facts of the offense and had conducted no preparation for punishment.  Trial counsel admits that he failed to request the jail retain any video recorded evidence of either the search of the Appellant or any conversations Appellant had with the arresting officer prior to Appellant being transported into the jail itself.  Trial counsel stated he relied on the prosecutor's "open file policy" to provide him the evidence.  However, trial counsel admits he conducted no independent investigation of the State's case and failed to file a formal request pursuant to Article 39.14 of the Texas Code of Criminal Procedure.  This video evidence could have confirmed Appellant's claim that he told the arresting officer of the contraband before entering the correctional facility and provided a defense for the charge.  Instead, trial counsel's failure to secure this evidence deprived Appellant of a possible defense.

---

[6] *Ex parte Scott*, 190 S.W. 3d 672 (Tex. Crim. App. 2006).
[7] *Ex parte Raborn*, 658 S.W.2d 602 (Tex. Crim. App. 1983).
[8] *Ex parte Dunham*, 650 S.W.2d 825 (Tex. Crim. App. 1983);
[9] *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).
[10] Johnson v. State, 169 S.W.3d 223, 231 (Tex.Crim.App.2005).
[11] *Id.*

Additionally, trial counsel admitted that he had not prepared a punishment case and indicated that his standard practice was to prepare the punishment case during trial. Appellant's plea of guilty took place after Appellant's attorney conducted voir dire yet trial counsel admitted that at the time Appellant pled guilty he had prepared no punishment evidence in Appellant's defense. Trial counsel admitted that waiting until trial to prepare a punishment case could compromise his ability to secure documents or witnesses favorable to the Appellant's case. There is no justifiable trial strategy for failing to investigate or prepare a punishment case, particularly when Appellant faced a range of punishment of twenty five years to life in prison. Appellant made it clear throughout his testimony that trial counsel's lack of preparation caused him to take the State's offer and plead guilty to these offenses.

## II. Double Jeopardy

Appellant argues in his writ that the charges of Prohibited Substances and Items in Correctional or Civil Commitment Facility (Cause No. 2016-0031A-CR) and Manufacture/Delivery of a Controlled Substance Penalty Group 1 4-200 grams (Cause No. 2016-0032A-CR) are barred by Double Jeopardy as both offenses involve the same controlled substance. The record is clear that both charges are related to the same controlled substance.

<u>Argument and Analysis:</u>

The Fifth Amendment's Double Jeopardy Clause of the Fifth Amendment provides that no personal shall "be subject to the same offense to be twice put in jeopardy of life or limb."[12] Among other things, it protects defendants from multiple punishments for the same offense.[13] A claim of multiple punishments may be valid if one offense is a lesser-included offense of the other and the same conduct is punished twice or if the same criminal act is punished under two distinct statutes when the legislature intended the conduct to be punished under either statute, but not both.[14] The "same elements" test in

---

[12] U.S. CONST. amend. V.
[13] *Brown v. Ohio*, 432 U.S. 161, 165 (1977).
[14] *Lang v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

Page 3 of 5

*Blockburger* is used when determining whether a defendant is being punishment multiple times for the same offense.[15] "Under the *Blockburger* test, two offenses are not the same if one requires proof of an element that the other does not."[16] Courts focus on the elements alleged in the charging instrucment when resolving whether two offenses trigger double jeopardy.[17]

However, Texas courts have held that the *Blockburger* test is no more than a rule of statutory construction and does not trump "clearly expressed legislative intent."[18] The Court of Criminal Appeals has laid out a non-exclusive list of factors to consider when examining if two offenses are the same for purposes of multiple punishment.[19] The factors include: 1) whether offenses are in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether the offenses have a common focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and 8) whether there is legislative history containing an articulation of an intent to treat offenses as the same for double-jeopardy purposes.[20]

In this case, writ counsel has been unable to find caselaw where appellate courts have determined whether the two instances offenses are considered multiple punishments under *Blockburger*. Though each offense contains elements the other does not, both offenses as indicted have a common focus of possession of the same methamphetamine. The prohibited conduct alleged in 2016-0031A-CR is "intentionally or knowingly possess a controlled substance, namely, methamphetamine, while in the Archer County Jail, a correctional facility. The prohibited conduct alleged in 2016-0032A-CR is "knowingly possess with intent to deliver, a controlled substance, namely, methamphetamine, in an amount of four

---

[15] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).
[16] *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).
[17] *Bigon v. State*, 252 S.W.3d 360, 371 (Tex. Crim. App. 2008) *citing Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994).
[18] *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010); *Garza v. State*, 213 S.W.3d 338, 351–52 (Tex. Crim. App. 2007).
[19] *Ex parte Ervin v. State*, 991 S.W.2d 804 (Tex. Crim. App. 1999).
[20] *Bigon v. State*, 252 S.W.3d at 371 *citing Ervin*, 991 S.W.2d at 814.

Page 4 of 5

grams or more but less than 200 grams. The differing elements could be considered the same under an imputed theory of liability the same action of possessing the methamphetamine lies at the core of both offenses.

### III.    Request for Findings of Fact and Conclusions of Law

Pursuant to Texas Code of Criminal Procedure Article 11.07(d), Applicant moves this court for Findings of Fact and Conclusions of Law as to the issues of facts and law at controversy in this matter.

### PRAYER

WHEREFORE, PREMISES CONSIDERED Applicant prays this Court enter findings of fact and conclusions of law that Appellant's plea was involuntarily made and allow him to withdraw his plea of guilty. Additionally, Applicant prays this Court enter findings of fact and conclusions of law that indictment under both Cause No. 2016-0031A-CR and Cause No. 2016-0032A-CR constitutes Double Jeopardy.

Respectfully submitted,

Law Office of Scott Stillson, PLLC 900
8th Street Suite 1230
Wichita Falls, Texas 76301
Phone: (940) 228-7437
Fax: 1-888-492-9527
Email: attorney@scottstillsonlaw.com

/s/ Scott Stillson
Scott Stillson
State Bar No. 24047272
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that, on the date show below, a true and correct copy of the foregoing instrument was served on the office of the Criminal District Attorney of Archer County, Texas, on June 15, 2018.

/s/ Scott Stillson
Scott Stillson
Attorney for Defendant

Page 5 of 5

Filed: 7-5-18
LORI RUTLEDGE LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

Betty Sanders
97th District Court
Official Court Reporter
P.O. Box 7
Bowie, Texas 76230
bettysanderscsr@gmail.com

June 28, 2018

97th District Court
P.O. Box 167
Montague, Texas 76251

Cause No. 2016-0031A-CR
Cause No. 2016-0032A-CR
The State of Texas vs. Dywane Howard
In the 97th Judicial District Court of Archer County, Texas

| Description | | |
|---|---|---|
| Reporter's Record | | |
| Volume 1 - Master Index | 5 pages @ 6.00 | $ 30.00 |
| Volume 2 Writ of Habeas Corpus as heard on November 15, 2016 | 50 pages @ 6.00 | $ 300.00 |
| Volume 3 Exhibit Volume | 9 pages @ 6.00 | $ 54.00 |
| Paper Copy and Binding for Court of Criminal Appeals | | 10.00 |
| | Original & Copy Total: | $ 394.00 |

Original paper copy filed with the District Clerk for delivery to the Court of Criminal Appeals

81

Copy:

| | | |
|---|---|---|
| Volume 1 - Master Index | 5 pages @ 2.00 | $  10.00 |
| Volume 2<br>Writ of Habeas Corpus<br>as heard on November 15, 2016 | 50 pages @ 2.00 | $ 100.00 |
| Volume 3<br>Exhibit Volume | 9 pages @ 2.00 | $    18.00 |
| Electronic Delivery to Mr. Scott Stillson, Counsel for Mr. Howard | | 10.00 |
| Electronic Delivery to Ms. Casey Polhemus, District Attorney | | 10.00 |
| | Copy Total: | $ 148.00 |

**TOTAL DUE:**          $ 542.00

Approved by: _____          _____
                    Judge Presiding                              Date

\

No. 2016-0031A-CR-A

Filed: 7-6-18
LORI RUTLEDGE LR
DISTRICT CLERK
ARCHER COUNTY, TEXAS

HE STATE OF TEXAS        IN THE DISTRICT COURT OF

vs.        ARCHER COUNTY, TEXAS

DYWANE HOWARD        97th JUDICIAL DISTRICT

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
### POST CONVICTION APPLICATION FOR WRIT OF HABEAS CORPUS

Dywane Howard, Applicant, has filed an Application for Writ of Habeas Corpus pursuant to Art. 11.07, Texas Code of Criminal Procedure. The Court determined that an evidentiary hearing was required in order to consider the matters raised in the Application. The Court appointed counsel for the Applicant and held an evidentiary hearing, and now makes the following findings:

### FINDINGS OF FACT

1. Applicant was indicted for the offense of Possessing a Prohibited Substance in a Correctional Facility in Cause No. 2016-0031A-CR on 2 May 2016.

2. Applicant was indicted for the offense of Manufacture/Delivery of a Controlled Substance, Penalty Group 1, in an amount of 4-200 grams in Cause No. 2016-0032A-CR on 2 May 2016.

3. Mark Barber was appointed as Applilcant's counsel to represent him at the trial on each of the cases so indicted on 14 June 2016.

4. Attorney Barber met with the Applicant for a conference sometime in June or July, 2016. At the time of the meeting, Attorney Barber had received a discovery disclosure under Art. 39.14, Texas Code of Criminal Procedure and a copy of the video of the Appellant's stop and arrest at the roadside from the District Attorney

Page 1 of 7

83

prosecuting the case.

5. Attorney Barber determined that there was no video recording of contraband being seized from the Applicant's underwear in the Archer County Jail.

6. Attorney Barber determined that the Applicant had four prior final felony convictions and decided it would be inadvisable to call him as a witness during the guilty/innocence phase of the trail and thus subject him to cross-examination by the attorneys for the State of Texas.

7. In interviewing the Applicant before trial, Barber learned from him that he had been in possession of methamphetamine in his underwear before the book-in process at the Archer County Jail. Further, the Applicant did not advise attorney Barber that arresting officer knew of the Applicant's possession of methamphetamine prior to its seizure from him underwear.

8. Attorney Barber determined that the statements made to him by the Applicant in trial preparation were in line with the statements made in the police report reviewed by him.

9. The Applicant repeatedly advised Attorney Barber before trial that he did not wish to go to a jury trial and was hoping for a favourable plea bargain offer.

10. The Applicant was advised by Attorney Barber of the potential range of punishment upon conviction of a felony offense and a finding of true to two enhancements.

11. Prior to the start of trial, Attorney Barber had not prepared for the possible punishment hearing in the case, but knew that the Applicant's wife and son were available as witnesses at that phase of trial.

Page 2 of 7

12. Attorney Barber met with the Applicant again during the summer of 2016 and prior to pretrial hearings in the case scheduled for 2 September 2016. Another conference between Attorney Barber and Applicant took place on 27 October 2016, at which Attorney Barber conveyed to Applicant the State's plea-bargain offer of 50 years confinement in the Texas Department of Criminal Justice, Institutional Division. Applicant rejected the offer.

13. Attorney Barber did not interview the Applicant's co-Defendant, Holloway, but obtained a copy of Holloway's final conviction on 2 August 2016, in the same Court for the offense of Manufacture/Delivery of a Controlled Substance.

14. On 15 November 2016, on the date set for trial of the Defendant in Cause No. 20160031A-CR (Manufacture/Delivery of a Controlled Substance), Attorney Barber filed a motion to suppress evidence, which was heard prior to jury selection. The motion to suppress evidence was denied by the trial court.

15. Jury selection was conducted in the case on 15 November 2016. After the jury was sworn, the proceedings recessed until the following morning.

16. On the morning of 16 November 2016, the Applicant accepted the plea-bargain offer from the State for a 30 year period of confinement in the Texas Department of Criminal Justice, Institutional Division in return for pleas of guilty in Cause Nos. 2016-0031A-CR and 2016-0032A-CR, with both sentences to be served concurrently.

17. On 16 November 2016, the Applicant entered pleas of guilty in each case, and agreed to appear for sentencing on 5 December, 2016, under a reappearance agreement approved by the Court. After the conclusion of the entry of pleas of

Page 3 of 7

guilty, the jury was discharged.

18. On 5 December, 2016, the Applicant returned for the sentencing hearing in each case as preciously agreed, and was sentenced by the trial court to concurrent terms of confinement of 30 years in the Texas Department of Criminal Justice, Institutional Division in each case. At that time, the Applicant was questioned by the Court as his satisfaction with his attorney's representation on the cases; Applicant responded that he was satisfied with the representation of his attorney.

19. The Applicant said that he accepted the plea offer because he felt helpless and didn't feel his attorney was putting forth enough effort on his behalf. However, he stated that he was following his attorney's advise in accepting the plea.

20. On 12 January, 2018, Applicant filed his Application for Writ of Habeas Corpus in Cause Nos. 2016-0031A-CR-A and 2016-0032A-CR-A.

21. On 27 February ,2018, Scott Stillson was appointed counsel for Applicant for the purposes of the Applications for Writ of Habeas Corpus.

22. On 4 June 2018, an evidentiary hearing was held on Applicant's Applications for Writ of Habeas Corpus in each case.

23. Findings of Fact and Conclusions of Law were filed by the trial court on 6 July 2018.

24. At the evidentiary hearing, testimony was heard from the Applicant and from attorney Mark Barber. The affidavit of Barber was also admitted and was deemed credible by the Court.

## CONCLUSIONS OF LAW

1. The Applicant has the right to the effective assistance of counsel. U.S.

Page 4 of 7

86

Constitution, Sixth and Fourteenth Amendments; Texas Constitution, Art. I, §10.

2. A defendant has the burden to prove a clam of ineffective assistance of counsel by a preponderance of the evidence. *Cox v. State*, 389 S.W.3d 817 (Tex. Crim. App. 2012). An applicant must show omissions or other mistakes made by counsel that amount to professional errors of a magnitude that the outcome of the trial would have been different but for the errors. *Butler v. State*, 7716 S.W.2d 48 (Tex. Crim. App. 1986).

3. Where a defendant has pleaded guilty, in order to satisfy the burden of showing that but for counsel's errors, the result of the proceeding would have been different in all probability, he must show that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Akhtab*, 901 S.W.2d 488 (Tex.Crim. App. 1995)

4. When the Court has properly admonished a defendant of the consequences of his plea of guilty, there is a *prima facie* showing that the plea was made knowingly and voluntarily and the defendant has the burden to show otherwise. *Martinez v. State*, 981 S.W.2d 195 (Tex. Crim.. App. 1998).

5. The counsel at trial for the Applicant ha a duty to conduct a prompt investigation of the circumstances of the case. Any ineffectiveness must be directly assessed for reasonableness in all of the circumstances, applying a heavy measure of deference to the counsel's judgments. *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005)

6. In order for a defendant to demonstrate ineffective assistance for counsel's failure

Page 5 of 7

87

to conduct an investigation, he must show what counsel would have learned from the investigation. *Mooney v. State*, 817 S.W.2d 693 (Tex. Crim. App. 1991). A defendant must further show that the consequence of the failure to investigate was that the only viable defence was not advanced. *McFarland v. State*, 928 S.W.2d 482 (Tex. Crim. App. 1996).

7. Where a defendant alleges that his counsel was ineffective for failing to call friends and relatives at the punishment phase of trial, he must show that their testimony would have affected the outcome of the case. *Hoang v. State*, 825 S.W.2d 729 (Tex. App.–Houston [1st Dist.] 1992, *pet. ref'd*.

8. In the present case the Applicant has not shown that the failure of his counsel to investigate potential punishment evidence or to line up punishment witnesses before trial resulted in effective assistance of counsel. Specifically, he has not shown what his counsel would have learned from such investigation nor how calling specific witnesses at the punishment phase would have affected the outcome of his case.

9. The charges against the Appellant in Cause No. 2016-0031A-CR (Prohibited Substance in a Correctional Facility) and Cause No. 2016-0032A-CR(Manufacture/Delivery of a Controlled Substance) both arise from the same controlled substance seized by the police.

10. The Double Jeopardy Clause of the 5th Amdt to the U.S. Constitution protects defendants from being subject to multiple punishments for the same offense.

11. Under the test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), two offenses are not the same if one requires proof of an element that the other does

Page 6 of 7

88

not.

12.    In the instant case, the two offenses for which the Applicant was punished pursuant to the plea bargain require proof of elements in one instance that the other does not, specifically, the introduction of a controlled substance into a correctional facility.

13.    Applicant has not carried his burden of demonstrating by clear authority, that the offenses of which he was convicted are the same under prevailing interpretations of the 5th Amendment.

14.    Applicant's convictions should be affirmed.

### ORDER

The District Clerk of Archer County, Texas, is ORDERED to forward to the Court of Criminal Appeals the following:

1.    The contents of each of the following case files: Cause No. 2016-0031A-CR and Cause No. 2016-0032A-CR, Cause No. 2016-0031A-CR-A and Cause No. 2016-0032A-CR-A., including the Appellant's criminal history contained in the pre-sentence investigation report.

2.    The trial court's Findings of Fact and Conclusions of Law.

3.    The exhibits admitted into evidence at the evidentiary hearing on 4 June 2018.

The District Clerk is further ORDERED to forward a coy of these Findings of Fact and Conclusions of Law to the District Attorney and to the Applicant and his counsel.

Signed this 6th day of July 2018.

_____
Judge Presiding

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## COMMUNITY JUSTICE ASSISTANCE DIVISION

# PRE/POST SENTENCE INVESTIGATION REPORT

**GENERAL INSTRUCTIONS:** Pursuant to provisions of Art. 42.12 Sec. 9, a pre-sentence investigation report shall be completed prior to the imposition of sentence by the court. Type or print all requested information. If the information is not available at the time the report is prepared, please state "not available" in the space provided. The source of information for each section should be reflected in the appropriate space. **Additional comments and/or source documents for any section may be attached to this report, as local jurisdictions dictate.**

DISP: 30 Years  CS:__  CS REV:__ Y _X_ N  PEN: X

SAFPF: _    JAIL: TDCJ-ID

Date PSI                          Sentence
Completed:   12/08/16              Begin Date:   12/05/16

| STATE JAIL ONLY |
| --- |
| SJF: _ (SJ UP FRONT) |
| Cumulative with ID sentence? |
| Concurrent with ID sentence? |
| Special Medical Needs: |

## I. COURT/LEGAL INFORMATION: Report information regarding the court of original jurisdiction and identification of attorneys assigned to the case.

County: Archer       ID#: 005      Sentencing Judge: McGaughey, Jack       Court #: 97TH
Prosecutor: Williams, Paige              Defense Counsel: Mark Barber
*Source Of Information: Court Records*

## II. DEFENDANT INFORMATION: Provide demographic and/or other identifying information on the defendant in this section.

| Cause # | 2016-0031A-CR | TRN # | 9158133658 | TRS # | A003 |
| --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Name: Howard, Dywane                     AKA: No Aka's Listed

Current address:  2159 Ave L              Permanent address:   2159 Ave L
                 Wichita Falls, TX 76309                      Wichita Falls, TX 76309

Phone:                                    Phone:

Age: 43                Gender: Male        Marital status: Married

DOB: 10/19/1973        Ethnicity: African-American    No. of dependents: 2

Place of Birth: Texas                      Citizenship: United States Of America

Alien#:                Alien Status:        INS notified:

SSAN: 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      Driver's license: 14855757 TX    DPS/SID #: 04545201

FBI #:                 TDCJ-ID #:           Other:

*Source of Information: Defendant/CCH*

## III. CURRENT OFFENSE: Provide information relative to the circumstances of the primary offense. A copy of the offense report may be attached. If the report is not attached, briefly describe the offense.

Offense: Proh Substance/Item In Correctional Facility    Offense Date: 01/28/16      Arrest Date: 01/28/16
Circumstance of offense: See Police Report
Weapon used: _ Yes _X_ No              If yes, type:

90

Name: Howard, Dywane   Cause: 2016-0031A-CR

Guilt acknowledged: __X__          Guilt Minimized:        Declined to Discuss:

*Source of information: Court Records/Police Report*

---

**IV. CUSTODIAL INFORMATION:** Report whether the defendant is currently under correctional supervision.

Status:          __Jail__                    Release type:

Detainers/ Pending Charges:   __Unknown__          County/State:

*Source of information: Court Records/Defendant*

---

**V. CRIMINAL HISTORY:** Report both juvenile and adult criminal histories on the defendant. If available, attach either a DPS, FBI rap sheet or NCIC-TCIC report and answer the following questions:

---

**A. JUVENILE:** Criminal Record __ Yes __ No __ Unavailable
If yes, number of probations    Number of adjudications    Number of arrests

*Source of Information: See CCH*

---

**B. ADULT:** Criminal Record __ Yes __ No __ Unavailable

Indicate the number of incidences regarding the defendant in the appropriate box(es):

| | Arrests | Pretrial Intervention | Conviction(s) | Community Supervision(s) | Intermediate Sanction(s) | Community Supervision Revocation(s) | Parole/MS | Parole/MS Revocation(s) |
|---|---|---|---|---|---|---|---|---|
| Felony | | | | | | | | |
| Misdemeanor | | | | | | | | |

**Previous incarceration(s):**

Jail:         __ Yes __ No       #      Charge(s):

Prison:       __ Yes __ No       #      Charge(s):

State Jail:    __ Yes __ No       #      Charge(s):

SAFPF:     __ Yes __ No       #      Charge(s):

*Source of information: See CCH*

---

**C. STATUS AT TIME OF OFFENSE:**

          Previous criminal history        County/State:

          No previous criminal history    County/State:

          Bond supervision            County/State:

          Community supervision       County/State:

          Parole/mandatory supervision   County/State:

Age at 1st conviction:      20

Current gang affiliation:      __ Yes _X_ No        If yes, name:

Past gang affiliation:         __ Yes _X_ No        If yes, name:

Suspected gang affiliation:    __ Yes _X_ No        If yes, name:
Reasons:

*Source of information: CCH/Defendant*

Name: Howard, Dywane    Cause: 2016-0031a-Cr

**VI. VICTIM INFORMATION:** If an offense report is attached, please respond to the questions pertaining to restitution only. If no offense report is attached, please answer all questions in this section. If there were no direct victims or property loss associated with the offense then skip the remaining questions in this section.

Victim(s) associated with offense: __ Yes  _X_ No    If yes, #:

Relationship to victim:

Victim(s) age at time of offense:    Restitution Amount:

Type of injury suffered/property loss:

*Source of information:*

**VII. SOCIAL HISTORY:** Provide information regarding the defendant's status.

**A. HEALTH STATUS:**

| | | |
|---|---|---|
| Has a psychological evaluation of the defendant been prepared? | __ Yes _X_ No | If yes, attach |
| Has the defendant ever been treated at a psychiatric hospital? | __ Yes _X_ No | If yes, location: |
| Has the defendant ever been treated at an MHMR facility? | __ Yes _X_ No | If yes, location: |
| Does defendant presently have a physical or medical or mental impairment? | | __ Yes _X_ No |

If yes, please list:

Is the defendant currently taking any medications, including psychotropic?    __ Yes _X_ No

If yes, please list:

Has the defendant ever attempted suicide?    __ Yes _X_ No    If yes, date of last attempt:

**B. EDUCATION STATUS:**

| | | | |
|---|---|---|---|
| Highest grade completed: | _12_ | | |
| High school diploma: | _X_ Yes __ No | Special classes: | __ Yes _X_ No |
| GED: | __ Yes _X_ No | Some college: | __ Yes _X_ No |
| Vocational training: | __ Yes _X_ No | College graduate: | __ Yes _X_ No |
| Type: _None_ | | Job skills: | _Laborer_ |

Provide information regarding any educational/psychological test(s) administered and the results:

Test:                                            Results:

| Primary Language: _English_ | Secondary Language: |
|---|---|
| Does the defendant appear to be literate? _X_ Yes __ No | __ Yes __ No |

*Source of information: Defendant*

Name: Howard, Dywane    Cause: 2016-0031A-CR

**C. EMPLOYMENT STATUS:** __ Employed    X Unemployed

If unemployed, length: 1 Year    Amount of income None
                                 Source of income

Answer the following:
Current Employer:
  Name:                                              Job Type:

  Address:                                           Status:

                                                     Date of Employment:

  Phone:                                             Amount of Income:

Reason for leaving:

Is the defendant paying child support? __ Yes X No

*Source of information: Defendant*

**VIII. MILITARY SERVICE:** Provide information regarding the defendant's military service history, if applicable.

Branch:                    Current Service Status:

Discharge Date:            Discharge Type:

DD 214 Form (Dept. of Defense Military Discharge) attached:

Military 201 Records Form attached:

Eligible for receiving Veteran's Administration Benefits:

Does defendant hold a combat service ribbon?

Combat Zone:               Other:

Service in support of combat mission ribbon:

Mental health diagnosis of post-traumatic stress disorder:

Other mental health condition (service-connected):

Combat-related traumatic brain injury:

Other combat injury:

Other service-connected injury/disability:

**IX. SUBSTANCE ABUSE:**    Provide information regarding the defendant's reported use of drugs.  Indicate the type and frequency of drug(s) used by placing an "X" in the appropriate space.

| | | Daily | Weekly | Monthly | Occasionally | Age First Used | Date Last Used | Denied Use |
|---|---|---|---|---|---|---|---|---|
| 01 | Alcohol/Beer | | | | | | | X |
| | (How many drinks – shots or beers -- do you have in one sitting __ 1-4 drinks __ 5-8 __ 9 or more) | | | | | | | |
| 02 | Cocaine | | | | | | | X |
| 03 | Crack | | | | | | | X |
| 04 | Heroin | | | | | | | X |
| 05 | Marijuana | | | | | | | X |
| 06 | Amphet/Meth | | | | | | | X |
| 07 | LSD | | | | | | | X |

93

Name: Howard, Dywane   Cause: 2016-0031a-Cr

| 08 | PCP | | | | | | X |
|----|-----|--|--|--|--|--|---|
| 09 | Inhalants | | | | | | X |
| 10 | Other Drugs: | | | | | | |
| | | | | | | | X |

Substance Abuse Subtle Screening Instrument (SASSI-3) administered: __ Yes X No

If yes, tool and score:

Were any of the drugs noted above taken intravenously?: __ Yes X No

Indicate the type and number of incidents of drug counseling or treatment received:

| No | DWI education | No | AA/NA, etc. |
|----|---------------|-----|-------------|
| No | Individual counseling | No | Drug education classes |
| No | Out-patient group counseling | No | Residential treatment |

Was the defendant under the influence of drugs or alcohol at the time the offense was committed?: __ Yes X No

Did the defendant commit the offense in order to obtain funds for the purchase of drugs or alcohol?: __ Yes X No

*Source of information: Defendant*

**X. SUPERVISION PLAN:** The programs/supervision types identified by an "X" are available to the courts for this individual. The department may attach its individual plan if the items outlined below are addressed.

### PROGRAMS

Substance Abuse Counseling
Substance Abuse Treatment
Substance Abuse Evaluation
DWI Education Program
DWI Intervention Program
Drug Offender Education Program
DPS Lab Fee
Urinalysis
Community Service Restitution
Sexual Offender Counseling Program
Personal Aggression Training Program
Batterers Intervention Program
Parenting Classes
Jobs Education and Training Skills
GED
Adult Basic Education
English as a Second Language
Electronic Monitoring
Substance Abuse Felony Punishment Facility
Court Residential Treatment Facility
Intermediate Sanction Facility
Jail

Other (specify)

### COMMUNITY SUPERVISION TYPES

Pretrial Intervention/Supervision
Deferred Adjudication
Regular Community Supervision
DWI Community Supervision
Shock Community Supervision
State Jail Felony

Name: Howard, Dywane    Cause: 2016-0031A-CR

**Legal Requirements**

N/A    Ignition Interlock (Per T.C.C.P. Article 42.12 Section 13(I))
N/A    Sex Offender Registration (Per T.C.C.P. Article 42.12, Section 11(E))

**Respectfully Submitted,**

_Bob Geurin_                    12-8-16          (940) 574- 4997
**Geurin, Robert**              **Date**          **Telephone**
**Supervision Officer**

_____        _____
**Assisting**                    **Date**

**X. NARRATIVE** *(Optional)*

A. EVALUATIONS/SUMMATION:

B. RECOMMENDED TREATMENT PLAN:

95

 

**Texas Department of Public Safety**
**Criminal History Search**

USER: djones3 (963S,2608S) SERVER: DPSWEB7 DATE:12/6/2016 9:22:30 AM LANG:ENGLISH (UNITED STATES)
ORIG:SecureSite

## Computerized Criminal History Search

## Search Information

| | |
|---|---|
| BATCH # | 5613703 |
| SEARCH # | 51728879 |
| SEARCH SUMMARY | SID: 04545201 |
| USER NAME | DJONES3 |
| DATE | 2016-12-06T09:22:29.4320691-06:00 |

*Searches based on names, date of birth and other alphanumeric identifiers are not always accurate. The only way to positively link someone to a criminal record is through fingerprint identification. It is your responsibility to make sure the records you access through this site pertain to the person about whom you are seeking information. Extreme care should be exercised in using any information obtained from this Web site. Neither the DPS nor the State of Texas shall be responsible for any errors or omissions produced by secondary dissemination of this data.*

## HOWARD,DEWAYNE (SID: 04545201)

| | |
|---|---|
| SID | 04545201 |
| DATE LAST UPDATED | 8/16/2016 |
| SEX | MALE |
| RACE | BLACK |
| ETHNICITY | NON-HISPANIC |
| HEIGHT | 6'2" |
| WEIGHT | 225 LBS |
| EYES | HAZEL |
| HAIR | BLACK |
| PLACE OF BIRTH | TEXAS |
| DL NUMBER | TX14855757 |
| DNA ON FILE | YES |
| NAME(S) | CASTILLO,AMAD |
| | DEBUG,NICKNAME |
| | DEWBUG,NICKNAME |
| | DEWBUG,X |
| | DEWUG,NICKNAME |
| | DOBUG,HOWARD DEWAYNE |
| | DOBUG,NICKNAME |
| | HOWARD,D |
| | HOWARD,DEWAYNE **(PRIMARY)** |
| | HOWARD,DYWANE |
| | HOWARD,DYWANE NMN |
| | JOHNSON,ANTHONY |
| BIRTH DATE(S) | 10/19/1963 |
| | 10/19/1972 |

☒ Photo of
HOWARD,DEWAY
NE posted
1/29/2016

10/19/1973 **(PRIMARY)**

| | |
|---|---|
| SOCIAL SECURITY NUMBER(S) | 463271717 |
| | 463272121 |
| | 463277171 |
| SCARS, MARKS & TATTOOS | TAT ABDOM |
| | TAT BACK |
| | TAT L ARM |
| | TAT NECK |
| | TAT R ARM |
| | TAT R FGR |
| | TAT R HND |
| | TAT UL ARM |
| | TAT UR ARM |
| MISCELLANEOUS NUMBER(S) | TX-06607432 |
| IDENTIFICATION CARD(S) | TX-14855757 |

**ARREST SUMMARY**

| DATE OF ARREST | SEQUENCE CODE | TRACKING NUMBER | AGENCY DESCRIPTION |
|---|---|---|---|
| 6/13/1991 | A | | FORT WORTH PD |
| 11/11/1993 | A | 0006966497 | FORT WORTH PD |
| 12/3/1993 | A | 0006263984 | FORT WORTH PD |
| 12/29/1993 | A | 0006273483 | FORT WORTH PD |
| 3/10/1994 | A | 0008478244 | FORT WORTH PD |
| 3/21/1999 | A | 0011587415 | WILLOW PARK POLICE DEPT |
| 12/19/2000 | A | 0042955017 | BRECKENRIDGE PD |
| 1/22/2002 | A | 0050499904 | STEPHENS CO SO BRECKENRIDGE |
| 1/22/2002 | B | 0050499866 | BRECKENRIDGE PD |
| 8/22/2002 | A | 0052879992 | BRECKENRIDGE PD |
| 3/18/2003 | A | 0050517236 | STEPHENS CO SO BRECKENRIDGE |
| 3/18/2003 | B | 0050517228 | STEPHENS CO SO BRECKENRIDGE |
| 1/18/2005 | A | 005645970X | BRECKENRIDGE PD |
| 1/22/2005 | A | 0101251521 | TEXAS HWY PATROL REG 4 DIST B |
| 2/15/2005 | A | 0056459807 | BRECKENRIDGE PD |
| 5/24/2005 | A | 0100865763 | BRECKENRIDGE PD |
| 6/13/2005 | A | 0101577117 | STEPHENS CO SO BRECKENRIDGE |
| 3/23/2007 | A | 9132536801 | FORT WORTH PD |
| 3/23/2007 | B | 0105959855 | FORT WORTH PD |
| 1/28/2016 | A | 9158133658 | DPS ARCHER COUNTY ARREST REPORTING |

*Searches based on names, date of birth and other alphanumeric identifiers are not always accurate. The
only way to positively link someone to a criminal record is through fingerprint identification. It is your
responsibility to make sure the records you access through this site pertain to the person about whom you
are seeking information. Extreme care should be exercised in using any information obtained from this
Web site. Neither the DPS nor the State of Texas shall be responsible for any errors or omissions produced
by secondary dissemination of this data.*

**ARREST DATE 6/13/1991 (1 CHARGES)**

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 6/13/1991 |
| SEQUENCE CODE | A |

ARRESTING AGENCY               FORT WORTH PD (TX2201200)

## ARREST DATE 6/13/1991 (CHARGE *001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0340863 |
| ARREST OFFENSE | HOMICIDE-FREE TEXT (09000000) |
| ARREST OFFENSE LITERAL | MURDER |
| ARREST OFFENSE CITATION | X |

## ARREST DATE 11/11/1993 (2 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 11/11/1993 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0006966497 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 4720 CRENSHAW |
| CITY/STATE/ZIP CODE | FT WORTH, TX 76105 |

## ARREST DATE 11/11/1993 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0340863 |
| ARREST OFFENSE | UNLAWFUL CARRYING WEAPON (52030003) |
| ARREST OFFENSE CITATION | 46.02(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 11/11/1993 |
| ARREST DISPOSITION DATE | 11/11/1993 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| AGENCY | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |
| ACTION DATE | 11/15/1993 |
| PROSECUTOR ACTION FIELD | PROSECUTOR HAS REJECTED THE CHARGE WITHOUT A PRE-TRIAL DIVERSION (N) |
| PROSECUTOR OFFENSE CITATION | 46.02(A) |
| PROSECUTOR OFFENSE | UNLAWFUL CARRYING WEAPON (52030003) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

## ARREST DATE 11/11/1993 (CHARGE A002)

**OFFENSE RECORD**

| | |
|---|---|
| ARREST OFFENSE | EVADING ARREST OR DETENTION (48010001) |
| ARREST OFFENSE CITATION | 38.04(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 11/11/1993 |
| ARREST DISPOSITION DATE | 11/11/1993 |
| ARREST DISPOSITION | HELD (205) |

| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 38.04(A) |
| PROSECUTOR OFFENSE | EVADING ARREST OR DETENTION (48010001) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

**COURT STATUS A**

| | |
|---|---|
| AGENCY DESCRIPTION | COUNTY CRIMINAL COURT 10 FORT WORTH (TX220293J) |
| COURT OFFENSE | EVADING ARREST OR DETENTION (48010001) |
| COURT OFFENSE CITATION | 38.04(A) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 4/4/1994 |
| CAUSE NUMBER | CAU:0531299 |
| AGENCY RECEIVING CUSTODY | COUNTY CRIMINAL COURT 10 FORT WORTH () |

## ARREST DATE 12/3/1993 (1 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 12/3/1993 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0006263984 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |

## ARREST DATE 12/3/1993 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0340863 |
| INTERNAL AGENCY CASE NUMBER | 93682602 |
| ARREST OFFENSE | AGGRAVATED KIDNAPPING RELEASE VICTIM ALIVE (10000001) |
| ARREST OFFENSE CITATION | 20.04(B) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |
| DATE OF OFFENSE | 12/3/1993 |
| ARREST DISPOSITION DATE | 12/3/1993 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

## ARREST DATE 12/29/1993 (1 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 12/29/1993 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0006273483 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 4720 CRENSHAW |
| CITY/STATE/ZIP CODE | FT WORTH, TX 99999 |

## ARREST DATE 12/29/1993 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0340863 |
| INTERNAL AGENCY CASE NUMBER | 93731110 |
| ARREST OFFENSE | UNLAWFUL CARRYING WEAPON (52030003) |
| ARREST OFFENSE CITATION | 46.02(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 12/29/1993 |
| ARREST DISPOSITION DATE | 12/29/1993 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| AGENCY | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 46.02(A) |
| PROSECUTOR OFFENSE | UNLAWFUL CARRYING WEAPON (52030003) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

**COURT STATUS A**

| | |
|---|---|
| AGENCY DESCRIPTION | COUNTY CRIMINAL COURT 10 FORT WORTH (TX220293J) |
| COURT OFFENSE | UNLAWFUL CARRYING WEAPON (52030003) |
| COURT OFFENSE CITATION | 46.02(A) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 4/4/1994 |
| CAUSE NUMBER | CAU:0537561 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | COUNTY CRIMINAL COURT 10 FORT WORTH () |

## ARREST DATE 3/10/1994 (2 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 3/10/1994 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0008478244 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 4720 CRENSHAW |
| CITY/STATE/ZIP CODE | FT WORTH, TX 76105 |

## ARREST DATE 3/10/1994 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0340863 |
| INTERNAL AGENCY CASE NUMBER | 94135689 |
| ARREST OFFENSE | POSS CS PG 1 <28G (35000020) |
| ARREST OFFENSE CITATION | 481.115(B) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |
| DATE OF OFFENSE | 3/10/1994 |
| ARREST DISPOSITION DATE | 3/10/1994 |

| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| AGENCY | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.115(B) |
| PROSECUTOR OFFENSE | POSS CS PG 1 <28G (35000020) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 2ND DEGREE (F2) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 372ND DISTRICT COURT FORT WORTH (TX220245J) |
| COURT OFFENSE | POSS CS PG 1 <28G (35000020) |
| COURT OFFENSE CITATION | 481.115(B) |
| LEVEL AND DEGREE OFFENSE | FELONY - 2ND DEGREE (F2) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 3/31/1994 |
| DATE OF SENTENCE/STATUS | 3/31/1994 |
| CAUSE NUMBER | CAU:0541813W |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 6Y |
| COURT COSTS | 165 |
| AGENCY RECEIVING CUSTODY | 372ND DISTRICT COURT FORT WORTH (DCJ) |

## ARREST DATE 3/10/1994 (CHARGE A002)

**OFFENSE RECORD**

| ARREST OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| ARREST OFFENSE CITATION | 38.03(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 3/10/1994 |
| ARREST DISPOSITION DATE | 3/10/1994 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

## ARREST DATE 3/21/1999 (2 CHARGES)

**ARREST DETAIL**

| ARREST DATE | 3/21/1999 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0011587415 |
| ARRESTING AGENCY | WILLOW PARK POLICE DEPT (TX1840500) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 600 SOUTH DUNNIGAN |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 3/21/1999 (CHARGE A001)

**OFFENSE RECORD**

| INTERNAL AGENCY PERSON NUMBER | 99030173 |
| INTERNAL AGENCY CASE NUMBER | 99030173 |

| ARREST OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
|---|---|
| ARREST OFFENSE CITATION | 481.115(C) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 3RD DEGREE (F3) |
| DATE OF OFFENSE | 3/21/1999 |
| ARREST DISPOSITION DATE | 3/21/1999 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE PARKER COUNTY (TX184015A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE WEATHERFORD (TX184013A) |
|---|---|
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.115(C) |
| PROSECUTOR OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 3RD DEGREE (F3) |

**COURT STATUS A**

| AGENCY DESCRIPTION | COUNTY COURT AT LAW #1 (TX184063J) |
|---|---|
| COURT OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
| COURT OFFENSE CITATION | 481.115(C) |
| LEVEL AND DEGREE OFFENSE | FELONY - 3RD DEGREE (F3) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 1/31/2000 |
| CAUSE NUMBER | CAU:CCL991742 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | COUNTY COURT AT LAW #1 () |

**ARREST DATE 3/21/1999 (CHARGE A002)**

**OFFENSE RECORD**

| ARREST OFFENSE | POSS MARIJ <= 4OZ > 2OZ (35620009) |
|---|---|
| ARREST OFFENSE CITATION | 481.121(B)(2) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 3/21/1999 |
| ARREST DISPOSITION DATE | 3/21/1999 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE PARKER COUNTY (TX184015A) |

**PROSECUTION DETAIL**

| AGENCY | DISTRICT ATTORNEYS OFFICE PARKER COUNTY (TX184015A) |
|---|---|
| PROSECUTOR ACTION FIELD | PROSECUTOR HAS CHANGED THE CHARGE (C) |
| PROSECUTOR OFFENSE CITATION | 481.115(B) |
| PROSECUTOR OFFENSE | POSS CS PG 1 < 1G (35990014) |
| LEVEL AND DEGREE PROSECUTED | FELONY - STATE JAIL FELONY (FS) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 43RD DISTRICT COURT WEATHERFORD (TX184015J) |
|---|---|
| COURT OFFENSE | POSS CS PG 1 < 1G (35990014) |
| COURT OFFENSE CITATION | 481.115(B) |
| LEVEL AND DEGREE OFFENSE | FELONY - STATE JAIL FELONY (FS) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 1/31/2000 |

| DATE OF SENTENCE/STATUS | 1/31/2000 |
| CAUSE NUMBER | CAU:13353 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 10M |
| COURT COSTS | 206 |
| AGENCY RECEIVING CUSTODY | 43RD DISTRICT COURT WEATHERFORD (SO) |

## ARREST DATE 12/19/2000 (1 CHARGES)

### ARREST DETAIL

| ARREST DATE | 12/19/2000 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0042955017 |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S ROBERTS |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

### ARREST DATE 12/19/2000 (CHARGE A001)

#### OFFENSE RECORD

| INTERNAL AGENCY PERSON NUMBER | 5569 |
| INTERNAL AGENCY CASE NUMBER | 0042955017 |
| ARREST OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| ARREST OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 12/19/2000 |
| ARREST DISPOSITION DATE | 12/19/2000 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | COMMUNITY SUPERVISION CORRECTIONS DEPARTMENT (TX215015G) |

#### PROSECUTION DETAIL

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 22.01(A)(1) |
| PROSECUTOR OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

#### COURT STATUS A

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| COURT OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 2/1/2002 |
| CAUSE NUMBER | CAU:28390 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

## ARREST DATE 1/22/2002 (3 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 1/22/2002 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0050499904 |
| ARRESTING AGENCY | STEPHENS CO SO BRECKENRIDGE (TX2150000) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKERIDGE, TX 76424 |

### ARREST DATE 1/22/2002 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 10740 |
| INTERNAL AGENCY CASE NUMBER | 0050499904 |
| ARREST OFFENSE | POSS MARIJ < 2OZ (35620008) |
| ARREST OFFENSE CITATION | 481.121(B)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 1/22/2002 |
| ARREST DISPOSITION DATE | 1/23/2002 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.121(B)(1) |
| PROSECUTOR OFFENSE | POSS MARIJ < 2OZ (35620008) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

**COURT STATUS A**

| | |
|---|---|
| AGENCY DESCRIPTION | COUNTY COURT BRECKENRIDGE (TX215013J) |
| COURT OFFENSE | POSS MARIJ < 2OZ (35620008) |
| COURT OFFENSE CITATION | 481.121(B)(1) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:28,925 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 180D |
| COURT FINE | 100 |
| COURT COSTS | 181 |
| AGENCY RECEIVING CUSTODY | COUNTY COURT BRECKENRIDGE (TX2150000) |

### ARREST DATE 1/22/2002 (CHARGE A002)

**OFFENSE RECORD**

| | |
|---|---|
| ARREST OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| ARREST OFFENSE CITATION | 521.025 |

| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| ARREST DISPOSITION DATE | 1/23/2002 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 521.025 |
| PROSECUTOR OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| COURT OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:28582 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

**ARREST DATE 1/22/2002 (CHARGE A003)**

**OFFENSE RECORD**

| ARREST OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| ARREST OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 1/22/2002 |
| ARREST DISPOSITION DATE | 1/23/2002 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 521.025 |
| PROSECUTOR OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | FAIL TO DISPLAY DL 3 OR MORE (54990015) |
| COURT OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:28602 |

| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

## ARREST DATE 1/22/2002 (2 CHARGES)

### ARREST DETAIL

| ARREST DATE | 1/22/2002 |
| SEQUENCE CODE | B |
| TRACKING NUMBER | 0050499866 |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 1/22/2002 (CHARGE A001)

### OFFENSE RECORD

| INTERNAL AGENCY PERSON NUMBER | 5569 |
| INTERNAL AGENCY CASE NUMBER | 0050499866 |
| ARREST OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| ARREST OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 5/6/2001 |
| ARREST DISPOSITION DATE | 1/22/2002 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

### PROSECUTION DETAIL

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 521.025 |
| PROSECUTOR OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

### COURT STATUS A

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| COURT OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:28582 |
| FINAL PLEADING | NOT GUILTY (N) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

## ARREST DATE 1/22/2002 (CHARGE A002)

### OFFENSE RECORD

| ARREST OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| ARREST OFFENSE CITATION | 521.025 |

| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 5/22/2001 |
| ARREST DISPOSITION DATE | 1/22/2002 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 521.025 |
| PROSECUTOR OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | LICENSE CARRIED/EXHIBITED ON DEMAND 3RD (54990025) |
| COURT OFFENSE CITATION | 521.025 |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:28602 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

## ARREST DATE 8/22/2002 (1 CHARGES)

**ARREST DETAIL**

| ARREST DATE | 8/22/2002 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0052879992 |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 8/22/2002 (CHARGE A001)

**OFFENSE RECORD**

| INTERNAL AGENCY PERSON NUMBER | 5569 |
| INTERNAL AGENCY CASE NUMBER | 20020359 |
| ARREST OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| ARREST OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 8/22/2002 |
| ARREST DISPOSITION DATE | 8/22/2002 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
|---|---|
| PROSECUTOR OFFENSE CITATION | 22.01(A)(1) |
| PROSECUTOR OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

**COURT STATUS A**

| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
|---|---|
| COURT OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| COURT OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |
| CAUSE NUMBER | CAU:29277 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM () |

## ARREST DATE 3/18/2003 (1 CHARGES)

**ARREST DETAIL**

| ARREST DATE | 3/18/2003 |
|---|---|
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0050517236 |
| ARRESTING AGENCY | STEPHENS CO SO BRECKENRIDGE (TX2150000) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 3/18/2003 (CHARGE A001)

**OFFENSE RECORD**

| INTERNAL AGENCY PERSON NUMBER | 10740 |
|---|---|
| INTERNAL AGENCY CASE NUMBER | 0050517236 |
| ARREST OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| ARREST OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 3/5/2003 |
| ARREST DISPOSITION DATE | 3/19/2003 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE EASTLAND (TX067015A) |

**PROSECUTION DETAIL**

| AGENCY | DISTRICT ATTORNEYS OFFICE EASTLAND (TX067015A) |
|---|---|
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 22.01(A)(1) |
| PROSECUTOR OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

**COURT STATUS A**

| AGENCY DESCRIPTION | EASTLAND COUNTY COURT EASTLAND (TX067013J) |
|---|---|
| COURT OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |

| | |
|---|---|
| COURT OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 10/7/2003 |
| DATE OF SENTENCE/STATUS | 10/7/2003 |
| CAUSE NUMBER | CAU:03159 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 1Y |
| COURT FINE | 4000 |
| COURT COSTS | 256 |
| AGENCY RECEIVING CUSTODY | EASTLAND COUNTY COURT EASTLAND (CO JAIL) |
| COURT PROVISION | CONFINEMENT/FINE (332) |

## ARREST DATE 3/18/2003 (1 CHARGES)

**ARREST DETAIL**

| | |
|---|---|
| ARREST DATE | 3/18/2003 |
| SEQUENCE CODE | B |
| TRACKING NUMBER | 0050517228 |
| ARRESTING AGENCY | STEPHENS CO SO BRECKENRIDGE (TX2150000) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76924 |

## ARREST DATE 3/18/2003 (CHARGE A001)

**OFFENSE RECORD**

| | |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 10740 |
| INTERNAL AGENCY CASE NUMBER | 29398 |
| ARREST OFFENSE | AGG ASSLT W/DEADLY WEAPON (13150005) |
| ARREST OFFENSE CITATION | 22.02(A)(2) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |
| ARREST DISPOSITION DATE | 3/19/2003 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | 90TH JUDICIAL DISTRICT ATTYS OFC STEPHENS CO (TX215015A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| AGENCY | 90TH JUDICIAL DISTRICT ATTYS OFC STEPHENS CO (TX215015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 22.02(A)(2) |
| PROSECUTOR OFFENSE | AGG ASSLT W/DEADLY WEAPON (13150005) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 2ND DEGREE (F2) |

**COURT STATUS A**

| | |
|---|---|
| AGENCY DESCRIPTION | 90TH DISTRICT COURT GRAHAM (TX252015J) |
| COURT OFFENSE | AGG ASSLT W/DEADLY WEAPON (13150005) |
| COURT OFFENSE CITATION | 22.02(A)(2) |
| LEVEL AND DEGREE OFFENSE | FELONY - 2ND DEGREE (F2) |
| COURT DISPOSITION | CONVICTED - LESSER CHARGE (311) |
| COURT DISPOSITION DATE | 12/18/2003 |
| DATE OF SENTENCE/STATUS | 12/18/2003 |

| CAUSE NUMBER | CAU:29398 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 1Y |
| COURT FINE | 500 |
| COURT COSTS | 253 |
| AGENCY RECEIVING CUSTODY | 90TH DISTRICT COURT GRAHAM (SO) |

## ARREST DATE 1/18/2005 (1 CHARGES)

### ARREST DETAIL

| ARREST DATE | 1/18/2005 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 005645970X |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 JAMES ST S |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 1/18/2005 (CHARGE A001)

### OFFENSE RECORD

| AGENCY | BRECKENRIDGE PD (TX2150100) |
| INTERNAL AGENCY PERSON NUMBER | 5569 |
| INTERNAL AGENCY CASE NUMBER | 20040569 |
| ARREST OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| ARREST OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 1/13/2005 |
| ARREST DISPOSITION DATE | 1/18/2005 |
| ARREST DISPOSITION | DISPOSITION UNKNOWN (215) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

### PROSECUTION DETAIL

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 22.01(A)(1) |
| PROSECUTOR OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

### COURT STATUS A

| AGENCY DESCRIPTION | 90TH JUDICIAL DISTRICT COURT (TX215015J) |
| COURT OFFENSE | ASSAULT CAUSES BODILY INJURY FAMILY MEMBER (13990031) |
| COURT OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 5/10/2007 |
| DATE OF SENTENCE/STATUS | 5/10/2007 |
| CAUSE NUMBER | CAU:30230 |
| FINAL PLEADING | GUILTY (G) |
| COURT FINE | 100 |
| COURT COSTS | 226 |

AGENCY RECEIVING CUSTODY        90TH JUDICIAL DISTRICT COURT ()

## ARREST DATE 1/22/2005 (1 CHARGES)

### ARREST DETAIL

| | |
|---|---|
| ARREST DATE | 1/22/2005 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0101251521 |
| ARRESTING AGENCY | TEXAS HWY PATROL REG 4 DIST B (TXDPS6100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 S JAMES |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 1/22/2005 (CHARGE A001)

### OFFENSE RECORD

| | |
|---|---|
| AGENCY | TEXAS HWY PATROL REG 4 DIST B (TXDPS6100) |
| INTERNAL AGENCY PERSON NUMBER | 8084 |
| INTERNAL AGENCY CASE NUMBER | H224656 |
| ARREST OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
| ARREST OFFENSE CITATION | 481.115(C) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 3RD DEGREE (F3) |
| DATE OF OFFENSE | 1/22/2005 |
| ARREST DISPOSITION DATE | 1/22/2005 |
| ARREST DISPOSITION | HELD (205) |
| ARREST DISPOSITION LITERAL | FISHER COUNTY |
| PROSECUTOR ORI REFERRED TO | FISHER COUNTY DISTRICT ATTORNEYS OFFICE (TX076015A) |

### PROSECUTION DETAIL

| | |
|---|---|
| AGENCY | DISTRICT ATTORNEYS OFFICE COLORADO CITY (TX168015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.115(C) |
| PROSECUTOR OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 3RD DEGREE (F3) |

### COURT STATUS A

| | |
|---|---|
| AGENCY DESCRIPTION | 32ND DISTRICT COURT (TX168015J) |
| COURT OFFENSE | POSS CS PG 1 >= 1G < 4G (35990015) |
| COURT OFFENSE CITATION | 481.115(C) |
| LEVEL AND DEGREE OFFENSE | FELONY - 3RD DEGREE (F3) |
| COURT DISPOSITION | CONVICTED (310) |
| COURT DISPOSITION DATE | 5/9/2007 |
| DATE OF SENTENCE/STATUS | 5/9/2007 |
| CAUSE NUMBER | CAU:3235 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 07Y |
| COURT FINE | 1500 |
| COURT COSTS | 288 |
| AGENCY RECEIVING CUSTODY | 32ND DISTRICT COURT (TDCJ) |
| MULTIPLE SENTENCES CODE | CONCURRENT (CC) |

## ARREST DATE 2/15/2005 (1 CHARGES)

### ARREST DETAIL

| | |
|---|---|
| ARREST DATE | 2/15/2005 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0056459807 |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 609 JAMES ST S |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 2/15/2005 (CHARGE A001)

### OFFENSE RECORD

| | |
|---|---|
| AGENCY | BRECKENRIDGE PD (TX2150100) |
| INTERNAL AGENCY PERSON NUMBER | 5569E |
| INTERNAL AGENCY CASE NUMBER | 0056459807 |
| ARREST OFFENSE | MAN/DEL CS ANALOGUE PG 1 < 1 G (35990034) |
| ARREST OFFENSE CITATION | 481.123(C) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |
| DATE OF OFFENSE | 2/15/2005 |
| ARREST DISPOSITION DATE | 2/16/2005 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

### PROSECUTION DETAIL

| | |
|---|---|
| AGENCY | 90 JUDICIAL DISTRICT ATTYS OFC YOUNG COUNTY (TX252015A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR HAS CHANGED THE CHARGE (C) |
| PROSECUTOR OFFENSE CITATION | 481.134(C) |
| PROSECUTOR OFFENSE | MAN/DEL CS PG 1>1G DRUG FREE ZONE (35990156) |
| PROSECUTION LITERAL | MAN DEL CS PG 1 >=1G DRUG FREE ZONE |
| LEVEL AND DEGREE PROSECUTED | FELONY - UNCLASSIFIED DEGREE (F*) |

### COURT STATUS A

| | |
|---|---|
| AGENCY DESCRIPTION | 90TH JUDICIAL DISTRICT COURT (TX215015J) |
| COURT OFFENSE | MAN/DEL CS PG 1 < 1 G (35990001) |
| COURT OFFENSE CITATION | 481.112(B) |
| LEVEL AND DEGREE OFFENSE | FELONY - STATE JAIL FELONY (FS) |
| COURT DISPOSITION | CONVICTED - LESSER CHARGE (311) |
| COURT DISPOSITION DATE | 5/10/2007 |
| DATE OF SENTENCE/STATUS | 5/10/2007 |
| CAUSE NUMBER | CAU:30375 |
| FINAL PLEADING | GUILTY (G) |
| COURT CONFINEMENT | 7Y |
| COURT FINE | 1000 |
| COURT COSTS | 253 |
| AGENCY RECEIVING CUSTODY | 90TH JUDICIAL DISTRICT COURT (TDCJID) |

## ARREST DATE 5/24/2005 (1 CHARGES)

### ARREST DETAIL

| ARREST DATE | 5/24/2005 |
|---|---|
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0100865763 |
| ARRESTING AGENCY | BRECKENRIDGE PD (TX2150100) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 306 S FLINT |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 5/24/2005 (CHARGE A001)

### OFFENSE RECORD

| AGENCY | BRECKENRIDGE PD (TX2150100) |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 5569 |
| INTERNAL AGENCY CASE NUMBER | 20050193 |
| ARREST OFFENSE | DRIVING WHILE LICENSE INVALID (54990055) |
| ARREST OFFENSE CITATION | 521.457 |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 4/10/2005 |
| ARREST DISPOSITION DATE | 5/24/2005 |
| ARREST DISPOSITION | TRANSFERRED TO COUNTY (220) |
| PROSECUTOR ORI REFERRED TO | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |

### PROSECUTION DETAIL

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
|---|---|
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 521.457 |
| PROSECUTOR OFFENSE | DRIVING WHILE LICENSE INVALID (54990055) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

### COURT STATUS A

| AGENCY DESCRIPTION | 90TH JUDICIAL DISTRICT COURT (TX215015J) |
|---|---|
| COURT OFFENSE | DRIVING WHILE LICENSE INVALID (54990055) |
| COURT OFFENSE CITATION | 521.457 |
| LEVEL AND DEGREE OFFENSE | MISDEMEANOR - CLASS B (MB) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 5/10/2007 |
| DATE OF SENTENCE/STATUS | 5/10/2007 |
| CAUSE NUMBER | CAU:30416 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH JUDICIAL DISTRICT COURT () |

## ARREST DATE 6/13/2005 (1 CHARGES)

### ARREST DETAIL

| ARREST DATE | 6/13/2005 |
|---|---|
| SEQUENCE CODE | A |
| TRACKING NUMBER | 0101577117 |
| ARRESTING AGENCY | STEPHENS CO SO BRECKENRIDGE (TX2150000) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 306 SOUTH FLINT |
| CITY/STATE/ZIP CODE | BRECKENRIDGE, TX 76424 |

## ARREST DATE 6/13/2005 (CHARGE A001)

### OFFENSE RECORD

| | |
|---|---|
| AGENCY | STEPHENS CO SO BRECKENRIDGE (TX2150000) |
| INTERNAL AGENCY PERSON NUMBER | 10740 |
| INTERNAL AGENCY CASE NUMBER | 0101577117 |
| ARREST OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| ARREST OFFENSE CITATION | 38.03(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 6/13/2005 |
| ARREST DISPOSITION DATE | 6/14/2005 |
| ARREST DISPOSITION | BAIL/RELEASED ON OWN RECOGNIZANCE (206) |
| PROSECUTOR ORI REFERRED TO | 90TH JUDICIAL DISTRICT ATTYS OFC STEPHENS CO (TX215015A) |

### PROSECUTION DETAIL

| | |
|---|---|
| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 38.03(A) |
| PROSECUTOR OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

### COURT STATUS A

| | |
|---|---|
| AGENCY DESCRIPTION | 90TH JUDICIAL DISTRICT COURT (TX215015J) |
| COURT OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| COURT OFFENSE CITATION | 38.03(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| COURT DISPOSITION | DISMISSED (305) |
| COURT DISPOSITION DATE | 5/10/2007 |
| DATE OF SENTENCE/STATUS | 5/10/2007 |
| CAUSE NUMBER | CAU:30533 |
| FINAL PLEADING | UNREPORTED/OR UNKNOWN (U) |
| AGENCY RECEIVING CUSTODY | 90TH JUDICIAL DISTRICT COURT () |

## ARREST DATE 3/23/2007 (2 CHARGES)

### ARREST DETAIL

| | |
|---|---|
| ARREST DATE | 3/23/2007 |
| SEQUENCE CODE | A |
| TRACKING NUMBER | 9132536801 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |

## ARREST DATE 3/23/2007 (CHARGE A001)

### OFFENSE RECORD

| | |
|---|---|
| AGENCY | FORT WORTH PD (TX2201200) |
| INTERNAL AGENCY PERSON NUMBER | 0707457 |
| INTERNAL AGENCY CASE NUMBER | 070032715 |
| ARREST OFFENSE | UNL POSS FIREARM BY FELON (52030024) |
| ARREST OFFENSE LITERAL | UNL POSS FIREARM BY FELON |
| ARREST OFFENSE CITATION | 46.04 (A) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 3RD DEGREE (F3) |

| ARREST DISPOSITION DATE | 3/23/2007 |
|---|---|
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| AGENCY | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |
|---|---|
| ACTION DATE | 3/27/2007 |
| PROSECUTOR ACTION FIELD | CHARGES DROPPED BY ARRESTING AGENCY (D) |
| PROSECUTOR OFFENSE CITATION | 46.04 (A) |
| PROSECUTOR OFFENSE | UNL POSS FIREARM BY FELON (52030024) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 3RD DEGREE (F3) |

### ARREST DATE 3/23/2007 (CHARGE A002)

**OFFENSE RECORD**

| AGENCY | FORT WORTH PD (TX2201200) |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0707457 |
| INTERNAL AGENCY CASE NUMBER | 070032715 |
| ARREST OFFENSE | POSS MARIJ < 2OZ (35620008) |
| ARREST OFFENSE LITERAL | POSS MARIJ <=2OZ |
| ARREST OFFENSE CITATION | 481.121(B)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| ARREST DISPOSITION DATE | 3/23/2007 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | FORT WORTH PD (TX2201200) |

**PROSECUTION DETAIL**

| AGENCY | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |
|---|---|
| ACTION DATE | 3/27/2007 |
| PROSECUTOR ACTION FIELD | PROSECUTOR HAS REJECTED THE CHARGE WITHOUT A PRE-TRIAL DIVERSION (N) |
| PROSECUTOR OFFENSE CITATION | 481.121(B)(1) |
| PROSECUTOR OFFENSE | POSS MARIJ < 2OZ (35620008) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

### ARREST DATE 3/23/2007 (4 CHARGES)

**ARREST DETAIL**

| ARREST DATE | 3/23/2007 |
|---|---|
| SEQUENCE CODE | B |
| TRACKING NUMBER | 0105959855 |
| ARRESTING AGENCY | FORT WORTH PD (TX2201200) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 4720 CRENSHAW |
| CITY/STATE/ZIP CODE | FT WORTH, TX 76105 |

### ARREST DATE 3/23/2007 (CHARGE A001)

**OFFENSE RECORD**

| AGENCY | FORT WORTH PD (TX2201200) |
|---|---|
| | 0707457 |

| INTERNAL AGENCY PERSON NUMBER | |
|---|---|
| INTERNAL AGENCY CASE NUMBER | 07032715 |
| ARREST OFFENSE | POSS CS PG1>1G DRUG FREE ZONE (35990159) |
| ARREST OFFENSE CITATION | 481.134(C) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - STATE JAIL FELONY (FS) |
| DATE OF OFFENSE | 3/23/2007 |
| ARREST DISPOSITION DATE | 3/23/2007 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

| PROSECUTION DETAIL | |
|---|---|
| AGENCY | 90TH JUDICIAL DISTRICT ATTYS OFC STEPHENS CO (TX215015A) |
| ACTION DATE | 4/18/2007 |
| PROSECUTOR ACTION FIELD | PROSECUTOR HAS REJECTED THE CHARGE WITHOUT A PRE-TRIAL DIVERSION (N) |
| PROSECUTOR OFFENSE CITATION | 481.134(C) |
| PROSECUTOR OFFENSE | POSS CS PG1>1G DRUG FREE ZONE (35990159) |
| LEVEL AND DEGREE PROSECUTED | FELONY - STATE JAIL FELONY (FS) |

### ARREST DATE 3/23/2007 (CHARGE A002)

| OFFENSE RECORD | |
|---|---|
| AGENCY | FORT WORTH PD (TX2201200) |
| INTERNAL AGENCY PERSON NUMBER | 0707457 |
| INTERNAL AGENCY CASE NUMBER | 07032715 |
| ARREST OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| ARREST OFFENSE CITATION | 22.01(A)(1) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |
| DATE OF OFFENSE | 3/23/2007 |
| ARREST DISPOSITION DATE | 3/23/2007 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

| PROSECUTION DETAIL | |
|---|---|
| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
| PROSECUTOR ACTION FIELD | CHARGES DROPPED BY ARRESTING AGENCY (D) |
| PROSECUTOR OFFENSE CITATION | 22.01(A)(1) |
| PROSECUTOR OFFENSE | ASSAULT CAUSES BODILY INJ (13990001) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

### ARREST DATE 3/23/2007 (CHARGE A003)

| OFFENSE RECORD | |
|---|---|
| AGENCY | FORT WORTH PD (TX2201200) |
| INTERNAL AGENCY PERSON NUMBER | 0707457 |
| INTERNAL AGENCY CASE NUMBER | 0732715 |
| ARREST OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| ARREST OFFENSE CITATION | 38.03(A) |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS A (MA) |

| DATE OF OFFENSE | 3/23/2007 |
|---|---|
| ARREST DISPOSITION DATE | 3/23/2007 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
|---|---|
| PROSECUTOR ACTION FIELD | CHARGES DROPPED BY ARRESTING AGENCY (D) |
| PROSECUTOR OFFENSE CITATION | 38.03(A) |
| PROSECUTOR OFFENSE | RESIST ARREST SEARCH OR TRANSP (48010006) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS A (MA) |

### ARREST DATE 3/23/2007 (CHARGE A004)

**OFFENSE RECORD**

| AGENCY | FORT WORTH PD (TX2201200) |
|---|---|
| INTERNAL AGENCY PERSON NUMBER | 0707457 |
| INTERNAL AGENCY CASE NUMBER | 07032715 |
| ARREST OFFENSE | DRIVING WHILE LICENSE INVALID (54990055) |
| ARREST OFFENSE CITATION | 521.457 |
| LEVEL AND DEGREE OF OFFENSE | MISDEMEANOR - CLASS B (MB) |
| DATE OF OFFENSE | 3/23/2007 |
| ARREST DISPOSITION DATE | 3/23/2007 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | DISTRICT ATTORNEYS OFFICE FORT WORTH (TX220015A) |

**PROSECUTION DETAIL**

| AGENCY | COUNTY ATTORNEYS OFFICE BRECKENRIDGE (TX215013A) |
|---|---|
| PROSECUTOR ACTION FIELD | CHARGES DROPPED BY ARRESTING AGENCY (D) |
| PROSECUTOR OFFENSE CITATION | 521.457 |
| PROSECUTOR OFFENSE | DRIVING WHILE LICENSE INVALID (54990055) |
| LEVEL AND DEGREE PROSECUTED | MISDEMEANOR - CLASS B (MB) |

### ARREST DATE 1/28/2016 (4 CHARGES)

**ARREST DETAIL**

| ARREST DATE | 1/28/2016 |
|---|---|
| SEQUENCE CODE | A |
| TRACKING NUMBER | 9158133658 |
| ARRESTING AGENCY | DPS ARCHER COUNTY ARREST REPORTING (TXDPS6244) |
| ADDRESS TYPE | HOM |
| STREET / PO BOX | 2159 AVE L |
| CITY/STATE/ZIP CODE | WICHITA FALLS, TX 76309 |

### ARREST DATE 1/28/2016 (CHARGE A001)

**OFFENSE RECORD**

| AGENCY | DPS ARCHER COUNTY ARREST REPORTING (TXDPS6244) |
|---|---|
| INTERNAL AGENCY CASE NUMBER | 08934 |
| ARREST OFFENSE | POSS CS PG 1 >=4G < 200G (35990016) |
| ARREST OFFENSE CITATION | 481.115(D) |

| LEVEL AND DEGREE OF OFFENSE | FELONY - 2ND DEGREE (F2) |
| DATE OF OFFENSE | 1/28/2016 |
| ARREST DISPOSITION DATE | 1/28/2016 |
| ARREST DISPOSITION | RELEASED WITHOUT PROSECUTION (207) |
| ARREST DISPOSITION LITERAL | DISMISSED BY MAGISTRATE |
| PROSECUTOR ORI REFERRED TO | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |

## ARREST DATE 1/28/2016 (CHARGE A002)

**OFFENSE RECORD**

| AGENCY | DPS ARCHER COUNTY ARREST REPORTING (TXDPS6244) |
| INTERNAL AGENCY PERSON NUMBER | TX0050000 |
| INTERNAL AGENCY CASE NUMBER | 08934 |
| ARREST OFFENSE | POSS MARIJ <= 5LBS > 4OZ (35620010) |
| ARREST OFFENSE CITATION | 481.121(B)(3) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - STATE JAIL FELONY (FS) |
| DATE OF OFFENSE | 1/28/2016 |
| ARREST DISPOSITION DATE | 1/28/2016 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |

**PROSECUTION DETAIL**

| AGENCY | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |
| ACTION DATE | 5/2/2016 |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.121(B)(3) |
| PROSECUTOR OFFENSE | POSS MARIJ <= 5LBS > 4OZ (35620010) |
| LEVEL AND DEGREE PROSECUTED | FELONY - STATE JAIL FELONY (FS) |

## ARREST DATE 1/28/2016 (CHARGE A003)

**OFFENSE RECORD**

| AGENCY | DPS ARCHER COUNTY ARREST REPORTING (TXDPS6244) |
| INTERNAL AGENCY PERSON NUMBER | TX0050000 |
| INTERNAL AGENCY CASE NUMBER | 08934 |
| ARREST OFFENSE | PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY (73990677) |
| ARREST OFFENSE CITATION | 38.11(G) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 3RD DEGREE (F3) |
| DATE OF OFFENSE | 1/28/2016 |
| ARREST DISPOSITION DATE | 1/28/2016 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |

**PROSECUTION DETAIL**

| AGENCY | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |
| ACTION DATE | 5/2/2016 |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 38.11(G) |
| PROSECUTOR OFFENSE | PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY (73990677) |

LEVEL AND DEGREE PROSECUTED   FELONY - 3RD DEGREE (F3)

## ARREST DATE 1/28/2016 (CHARGE A004)

**OFFENSE RECORD**

| | |
|---|---|
| AGENCY | DPS ARCHER COUNTY ARREST REPORTING (TXDPS6244) |
| INTERNAL AGENCY PERSON NUMBER | TX0050000 |
| INTERNAL AGENCY CASE NUMBER | 08934 |
| ARREST OFFENSE | MAN/DEL CS PG 1 >= 4G < 200G (35990003) |
| ARREST OFFENSE CITATION | 481.112(D) |
| LEVEL AND DEGREE OF OFFENSE | FELONY - 1ST DEGREE (F1) |
| DATE OF OFFENSE | 1/28/2016 |
| ARREST DISPOSITION DATE | 1/28/2016 |
| ARREST DISPOSITION | HELD (205) |
| PROSECUTOR ORI REFERRED TO | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |

**PROSECUTION DETAIL**

| | |
|---|---|
| AGENCY | ARCHER COUNTY DISTRICT ATTORNEYS OFFICE (TX005015A) |
| ACTION DATE | 5/2/2016 |
| PROSECUTOR ACTION FIELD | PROSECUTOR ACCEPTS THE CHARGE (A) |
| PROSECUTOR OFFENSE CITATION | 481.112(D) |
| PROSECUTOR OFFENSE | MAN/DEL CS PG 1 >= 4G < 200G (35990003) |
| LEVEL AND DEGREE PROSECUTED | FELONY - 1ST DEGREE (F1) |

## CUSTODIES

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/19/2007 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 01431866 |
| COUNTY OF COMMITMENT | STEPHENS (215) |
| STATUS STARTING DATE | 3/21/2014 |
| STATUS SUPERVISION | DISCHARGED (409) |
| STATUS SUPERVISION LITERAL | TX227015G 01431866 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 1/22/2005 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 01431866 |
| SENTENCE EXPIRATION DATE | 3/21/2014 |
| COUNTY OF COMMITMENT | FISHER (076) |
| STATUS STARTING DATE | 12/28/2012 |
| STATUS SUPERVISION | PAROLED (417) |
| STATUS SUPERVISION LITERAL | TX227015G 01431866 |
| RECEIVING AGENCY | 215 |
| PAROLED UNTIL DATE | 3/21/2014 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 1/22/2005 |
| CUSTODIAL AGENCY/ORI | DEPT OF CRIMINAL JUSTICE HUNTSVILLE (TX236065C) |
| PERSONAL ID NUMBER | 01431866 |
| SENTENCE EXPIRATION DATE | 3/21/2014 |

| | |
|---|---|
| COUNTY OF COMMITMENT | FISHER (076) |
| STATUS STARTING DATE | 5/15/2007 |
| STATUS SUPERVISION | RECEIVED (421) |
| STATUS SUPERVISION LITERAL | TX236065C 01431866 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/21/1999 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | PARKER (184) |
| STATUS STARTING DATE | 6/8/2000 |
| STATUS SUPERVISION | DISCHARGED (409) |
| STATUS SUPERVISION LITERAL | TX227015G 00905033 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/10/1994 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | TARRANT (220) |
| STATUS STARTING DATE | 6/8/2000 |
| STATUS SUPERVISION | DISCHARGED (409) |
| STATUS SUPERVISION LITERAL | TX227015G 00905033 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/21/1999 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | PARKER (184) |
| STATUS STARTING DATE | 2/10/2000 |
| STATUS SUPERVISION | RECEIVED STATE JAIL (445) |
| STATUS SUPERVISION LITERAL | TX236065C 00905033 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/10/1994 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | TARRANT (220) |
| STATUS STARTING DATE | 2/1/1999 |
| STATUS SUPERVISION | MANDATORY RELEASE (414) |
| STATUS SUPERVISION LITERAL | TX227015G 00686320 |
| RECEIVING AGENCY | 215 |
| PAROLED UNTIL DATE | 3/9/2000 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/10/1994 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | TARRANT (220) |
| STATUS STARTING DATE | 1/3/1996 |
| STATUS SUPERVISION | RECEIVED (421) |
| STATUS SUPERVISION LITERAL | TX236065C 686320 |

**Custody**

| | |
|---|---|
| DATE OF OFFENSE | 3/10/1994 |
| CUSTODIAL AGENCY/ORI | PARDON AND PAROLE BOARD AUSTIN (TX227015G) |
| PERSONAL ID NUMBER | 00905033 |
| COUNTY OF COMMITMENT | TARRANT (220) |

| STATUS STARTING DATE | 10/13/1994 |
|---|---|
| STATUS SUPERVISION | RECEIVED (421) |
| STATUS SUPERVISION LITERAL | TX013015C 686320 |

# CRIMINAL DOCKET

CASE NO. 2016-0031A-CR

FORM #00002 — BUSINESS INK. CO.

| | DATE OF FILING | | |
|---|---|---|---|
| | Mo. | Day | Year |
| | 5 | 2 | 2016 |

FEE BOOK

| VOL. | PAGE |
|---|---|
| 5 | 240 |

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|
| 2016-0031A-CR | THE STATE OF TEXAS vs. DYWANE HOWARD | PAIGE WILLIAMS | PROH SUBSTANCE/ITEM IN CORRECTIONAL FACILITY | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| *Enf Sales* | 02 | 02 | 2016 | *Arraigned. Defendant appeared, waived reading of indictment 'Not Guilty'* | |
| | | | | *Couf's plea entered by Court. Defendant tried without Jury. [illegible]* | |
| | | | | *Acquitted. His attorney [illegible]* | |

```
                  ARCHER COUNTY - CRIMINAL DOCKET ACTIONS
             CAUSE # 2016-0031A-CR - 97TH DISTRICT COURT - PAGE 1
=================================================================================
       THE STATE OF TEXAS

         -- VS --

       HOWARD, DYWANE                  ATTORNEY 1: STILLSON, SCOTT
                                                   900 8TH ST., SUITE 1230
                                                   WICHITA FALLS, TX 76301
                                                   (940)228-7437


       FILE DATE: 05/02/2016


=================================================================================
       OFFENSE 1: PROH SUBSTANCE/ITEM IN CORR/CIV COM FACILITY
       OFFENSE DATE 1: 01/28/2016

       APPEALED:


=================================================================================
         DATE  ACTION
=================================================================================
       08/01/2016  PRETRIAL SETTING. RESET BY AGREEMENT TO 2 SEPTEMBER 2016. ORDER
                   SIGNED. /S/ JACK A. MCGAUGHEY, JUDGE PRESIDING
       09/02/2016  PRETRIAL SETTING. NO MOTIONS FILED. MOVED TO TRAIL DOCKET. /S/
                   JACK A. MCGAUGHEY, JUDGE PRESIDING
       11/15/2016  BETTY SANDERS, OFFICIAL COURT REPORTER. DEFENDANT AND DEFENDANT'S
                   ATTORNEY APPEARED IN OPEN COURT. STATE AND DEFENDANT ANNOUNCED
                   READY FOR TRIAL. DEFENDANT WAIVED READING OF CHARGING INSTRUMENT,
                   WAIVED JURY TRIAL, AND WAIVED RIGHTS TO CONFRONTATION OF
                   WITNESSES IN COMPLIANCE WITH ART. 1.13, 1.14, AND 1.15, C.C.P.
                   WAIVERS APPROVED BY COURT. DEFENDANT PLED GUILTY BEFORE COURT AND
                   PLED TRUE TO ENHANCEMENT COUNT(S). DEFENDANT ADMONISHED OF
                   CONSEQUENCES OF PLEA IN COMPLIANCE WITH ART. 26.13, C.C.P.
                   EVIDENCE HEARD. PLEA BARGAIN AGREEMENT APPROVED BY COURT. COURT
                   ACCEPTED DEFENDANT'S PLEA OF GUILTY. DEFENDANT FOUND GUILTY OF
                   FELONY OFFENSE OF POSSESSION OF PROHIBITED SUBSTANCE IN
                   CORRECTIONAL FACILITY AS ALLEGED IN CHARGING INSTRUMENT. COURT
                   FOUND ENHANCEMENT PARAGRAPH(S) TO BE TRUE. COURT APPROVED PLEA
                   BARGAIN AND ORDERED DEFENDANT AND STATE TO APPEAR FOR SENTENCING
                   ON 5 DECEMBER 2016, AT 9:00 A.M. IN DISTRICT COURTROOM, ARCHER
                   COUNTY COURTHOUSE, ARCHER CITY, TEXAS. JACK A. MCGAUGHEY, JUDGE
                   PRESIDING
       04/02/2018  HEARING ON APPLICATION FOR WRIT OF HABEAS CORPUS. WITNESS
                   UNAVAILBLE. TO BE RESET. /S/ JACK A MCGAUGHEY, JUDGE PRESIDING
       06/04/2018  HEARING ON APPLICATION FOR WRIT OF HABEAS CORPUS. BOTH STATE AND
                   APPLICANT ANNOUCE READY. EVIDENCE ADMITTED. TAKEN UNDER
                   ADVISEMENT. /S/ JACK A MCGAUGHEY, JUDGE PRESIDING
```

The State of Texas      )
County of Archer       )

I, Lori Rutledge, Clerk of the 97th Judicial District Court of Archer County, Texas, do hereby certify that the documents contained in the record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL at my office in Archer County, Texas this 12th day of July, 2018.

LORI RUTLEDGE
DISTRICT CLERK, ARCHER COUNTY

124