IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DYWANE HOWARD, § <br> TDCJ No. 02112310, § <br> § <br> Petitioner, § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 7:20-cv-00131 |

**RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner Dywane Howard, a Texas state prisoner, challenges his guilty plea to possession of a prohibited substance/item in a correctional facility through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (West 2020). The Court should dismiss the petition in its entirety with prejudice as barred by the statute of limitations. Alternatively, Howard's claims are wholly unexhausted.

**JURISDICTION**

Howard seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as the State court which convicted and sentenced him is in Archer

1

County, Texas, which is within this Court's jurisdiction. 28 U.S.C. § 124(a)(6) (West 2020).

## PETITIONER'S ALLEGATIONS

Respondent Lorie Davis (Director) understands Howard to raise four claims through the following grounds for relief:

1. Trial counsel was ineffective when he failed to investigate or research and familiarize himself with the relevant laws and facts of the case;
2. Petitioner's rights were violated when he was arrested for possession of marijuana;
3. Petitioner's claim for actual innocence was never addressed in either of his state habeas applications; and
4. Petitioner's plea was involuntary due to ineffective assistance of counsel.

Fed. Pet.[1] at 6–7, 14–26.

## STATEMENT OF THE CASE

The Director has lawful custody of Howard pursuant to a judgment and sentence entered by a Texas state court on December 5, 2016. SHCR-01[2], ECF No. 11-6, at 31–32 (2nd Amended Nunc Pro Tunc Judgment). In cause number 2016-0031A-CR, Howard pleaded guilty to possession of a prohibited substance/item in a correctional facility, in the 97th Judicial District Court of

---

[1] "Fed. Pet" refers to Howard's form petition, ECF No. 1, followed by the page number assigned by ECF.
[2] "SHCR" refers to the State Habeas Clerk's Record for Howard's state writ application number WR-88,708, ECF No. 11 followed by the relevant page numbers assigned by the ECF system.

Archer County, Texas. *Id.* He was sentenced to thirty years confinement for this offense, to run concurrently. *Id.*

Howard did not appeal his case. Exhibit A.

Howard filed a state habeas application challenging this conviction on December 30, 2017,[3] and raised different ineffective assistance of counsel claims, along with actual innocence and a claim that his plea is unenforceable. SHCR-01, ECF No. 11-6, at 41–46, 52 (State Habeas Application). The trial court issued findings of fact and conclusions of law which recommended that Howard's application be denied. SHCR-01, ECF No. 11-6, at 86–92 (Findings of Fact and Conclusions of Law on Post Conviction Application for Writ of Habeas Corpus). The Court of Criminal Appeals (CCA) denied Howard's application without written order on the findings of the trial court after hearing, on August 22, 2018. *Ex Parte Howard*, No. WR-88,708-01 (Tex. Crim. App. 2018).

Howard filed a second state habeas application challenging this conviction on June 16, 2020, and raised the issue of ineffective assistance of counsel, that his claim for actual innocence was never addressed by the CCA,

---

[3] The Fifth Circuit held that the prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to argue a later filing date than the date petitioner signed his state habeas application.

3

and that his plea was involuntary due to ineffective assistance of counsel. SHCR-03, ECF No. 11-14, at 41–45, 51 (State Habeas Application). The CCA dismissed Howard's application without written order as a subsequent application, citing Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c), on August 26, 2020. *Ex Parte Howard*, No. WR-88,708-03 (Tex. Crim. App. 2020).

Howard filed this federal habeas corpus petition on October 9, 2020.[4] Fed. Pet. at 10. This proceeding ensued.

## STATE COURT RECORDS

Records of Howard's state habeas proceedings have been filed with the Court electronically. ECF No. 11. A copy of the state-court records will not be forwarded to Howard. An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). Exhibit A is a listing of Howard's cases from the Texas state courts website. This will be sent to the petitioner along with this answer.

---

[4] A federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009), citing *Spotville v. Cain*, 149 F.3d 374, 376—78 (5th Cir. 1998).

## GENERAL DENIAL

The Director denies all of Howard's assertions of fact, except those supported by the record or those specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Jones and will respond to any such motions only upon order of the Court.

## RULE 5 STATEMENT

The Director believes that Howard's claims are barred by the AEDPA statute of limitations. 28 U.S.C. § 2244(d) (West 2020). The Director also asserts that Howard has not exhausted his state court remedies for his claims.[5] 28 U.S.C. § 2254(b) (West 2020). However, the Director believes that Howard's claims are not subject to the successive petition bar. 28 U.S.C. § 2244(b) (West 2020). The Director reserves the right to raise exhaustion/procedural default, should Howard or the Court interpret his claims differently than understood by the Director.

## ANSWER WITH BRIEF IN SUPPORT

I. **Howard's Petition Is Time-Barred and Should Be Dismissed with Prejudice.**

For all of his claims, the record conclusively establishes that Howard filed the instant federal petition outside of AEDPA's one-year limitations

---

[5] The Director reserves the right to argue that Howard's claims are unexhausted and procedurally barred or procedurally defaulted pending resolution of this Answer.

5

period; thus, the Court should dismiss the petition in its entirety with prejudice as barred by the statute of limitations. AEDPA provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2020).

As a preliminary matter, Howard's instant petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* Fed. Pet. at 6–7. In addition, the record does not reflect that any unconstitutional "State action" impeded Howard from filing for federal habeas corpus relief prior to the end of the limitations period. *Id*. Thus, the provisions of 28 U.S.C. § 2244(d)(1)(B) and (C)

(West 2020) do not apply to Howard's claims. The deadline established by 28 U.S.C. § 2244(d)(1)(A) is the proper deadline in this case. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Here, the judgment became final on January 4, 2017, thirty days after the judgment was entered because Howard did not file a direct appeal of his conviction. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (stating that a conviction becomes final thirty days after pleading guilty if the petitioner does not file direct appeal); Exhibit A. Any federal challenge to the constitutionality of this judgment was due, then, no later than January 4, 2018, absent statutory or equitable tolling.

Howard filed his first state habeas application challenging the conviction that he challenges here on December 30, 2017. SHCR-01, ECF No. 11-6, at 52 (State Habeas Application). The CCA denied Howard's application on August 22, 2018. SHCR-01, ECF No. 11-1, at Action Taken. This tolled the limitations period by 236 days to Tuesday, August 28, 2018.

Howard filed his second state habeas application challenging the conviction that he challenges here on June 16, 2020. SHCR-03, ECF No. 11-14, at 51 (State Habeas Application). This application did not toll AEDPA's limitations period because it was filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas

7

application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

AEDPA's limitations period expired on August 28, 2018. Howard filed the instant federal habeas petition on October 9, 2020, making it untimely. Fed. Pet. at 10.

Howard seeks to invoke the "Actual Innocence/Miscarriage of Justice exception." *See* Fed. Pet. at 9. In *McQuiggin v. Perkins*, the Supreme Court held a prisoner could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). 569 U.S. 383, 394 (2013). To meet the actual innocence, equitable exception to the limitations period, Howard would have to present "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326-27. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 401; *Schlup*, 513 U.S. at 316. When reviewing

8

newly discovered evidence, courts should "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332); *see also McQuiggin*, 569 U.S. at 399; ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the [witness's] account."). Producing affidavits years after a conviction raises the issue of the credibility of those later-produced affidavits. *McQuiggin* 569 U.S. at 399 (timing of filing affidavits bears on credibility of affidavits); *Herrera v. Collins*, 506 U.S. at 421-23 (1993) (considering "11th hour" affidavits produced ten years after conviction in deciding merits of actual innocence claim); *Schlup*, 513 U.S. at 332 ("[C]ourt[s] may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of . . . evidence [of actual innocence].").

Additionally, Howard's plea of guilty inherently defeats his ability to make the showing of actual innocence required here. Indeed, some courts have held that a guilty plea precludes a petitioner from arguing actual innocence to extend the statutory time period under *Perkins*. *Jackson v. United States*, 2013

9

WL 5295701, *3 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375, *3 (C.D. Ill. Aug. 8, 2013) ("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence."); *United States v. Cunningham*, 2013 WL 3899335, n.3 (S.D. Tex. July 27, 2013). This naturally flows from the great evidentiary weight that courts accord to guilty pleas and the pertaining documents. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Howard has not shown that he is actually innocent. Howard's whole argument of "actual innocence" is that he is innocent of the possession of marijuana charge. Fed. Pet. at 14. However, the conviction that he is attacking in this federal habeas petition is his guilty plea to possession of a prohibited substance/item in a correctional facility. Fed. Pet. at 2. Howard does not even attempt to deny that he had methamphetamines in his underwear while inside the Archer County jail, which is what he was indicted for and to which he pleaded guilty. *See generally* Fed. Pet.; SHCR-01, ECF No. 11-6, at 5 (Indictment), 17–25 (Guilty Plea Memorandum). Therefore, Howard has failed to prove factual innocence.

Also, Howard has not presented "new, reliable evidence" that was not presented at trial. His "newly discovered evidence" is the testimony of his trial counsel at the state habeas hearing. Fed. Pet. at 13–14. Specifically, Howard is referring to discussions of the planned trial strategy that his counsel would have made had the case gone to trial. Fed. Pet at 15–17, 20, 25. None of Attorney Barber's testimony at the hearing amounted to new, reliable evidence that was not presented at trial and that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt had he actually gone to trial. II SHRR-01, ECF No. 11-5, at 13–40. Because Howard has not shown that he is actually innocent, he is not entitled to equitable tolling.

Because Howard's petition is untimely, it should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this petition for writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. Alternatively, the Court should dismiss the petition in its entirety as unexhausted and procedurally barred or defaulted. The Director further respectfully requests that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Patrick D. Todd
PATRICK D. TODD*
*Lead Counsel    Assistant Attorney General
State Bar No. 24106513
P. O. Box 12548,
Austin, Texas 78711-2548
(512) 936-1400
Facsimile No. (512) 936-1280
ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on the 3rd day of February, 2021, addressed to:

Dywane Howard
TDCJ #02112310
Pack Unit
2400 Wallace Pack Road,
Navasota, TX 77868

                                           */s/ Patrick D. Todd*
                                           PATRICK D. TODD
                                           Assistant Attorney General